FRED MORGAN V. STATE OF NEBRASKA.

FILED APRIL 2, 1902.    Nos. 12,478 and 12,479.

1. **License:** BILLIARD AND POOL: VILLAGE: ORDINANCE. Under the provisions of section 46, and subdivision 12 of section 69, article 1, chapter 14, Compiled Statutes, 1901, village authorities have ample power by ordinance to license and regulate billiard and pool rooms.

2. ——: ——: LICENSE TAX. And by subdivision 8 of section 69, aforesaid, village trustees are authorized to raise general revenue by levying and collecting a license tax on persons engaged in the business of conducting billiard and pool rooms.

3. **Ordinance:** TITLE. An ordinance whose main object is to license and regulate a business or calling is not wholly void because a provision imposing a small occupation tax is not clearly expressed in its title, as required by section 79 of article 1, chapter 14, Compiled Statutes, 1901.

ERROR from the district court for Otoe county. Tried below before JESSEN, J. *Affirmed.*

*D. W. Livingston,* for plaintiff in error.

*Corydon Rood,* for the state.

SULLIVAN, C. J.

These cases were submitted together on the same briefs, and will be disposed of in one opinion. In each case the defendant, Morgan, was convicted of violating a village ordinance, which was clearly intended to regulate and tax the business of keeping a pool and billard room. Under the stipulation of the parties, the validity of the ordinance is the only question properly before us for decision. The first contention of the defendant is that the village authorities in the adoption of the ordinance, attempted to exercise a power which the legislature had not conferred upon them. This contention can not be sustained. The power exercised by the board of trustees is, we think, fairly within the provisions of section 46, and subdivision 12 of section 69, article 1, chapter 14, Compiled Statutes, 1901.

28

The interests of peace, good order and public morality require that the billiard and pool room should be conducted according to such rules and standards, and subject to such restrictions, as may be prescribed by the municipal authorities. Such a room is not, we concede, *per se* a nuisance, but without regulation and supervision it is likely to become so anywhere, and in a village it is apt to degenerate into a trysting-place for idlers and a nidus for vice.

But it is insisted that, if the ordinance was an authorized exercise of the police power, the provision imposing an occupation tax, in addition to the license fee, is invalid. Without conceding this proposition, which, on account of the restrictive title of the ordinance, is not free from doubt, we dispose of it by holding that, under the rule established by numerous decisions of this court, the taxing clause may be stricken out without destroying, or affecting in any way, the regulative provisions of the ordinance. *Scott v. Flowers,* 61 Nebr., 620; *State v. Stuht,* 52 Nebr., 209. See, also, *East Kingston v. Towle,* 48 N. H., 57; *Chicago, B. & Q. R. Co. v. Jones,* 149 Ill., 361; *McPherson v. Blacker,* 92 Mich., 377; *Grimes v. Eddy,* 126 Mo., 168.

The judgment in each case is

AFFIRMED.