JOSHUA M. GRAY, APPELLEE, v. CITY OF OMAHA ET AL., APPELLANTS.

FILED JANUARY 8, 1908. No. 15,010.

1. **Cities: IMPLIED POWERS: SIDEWALKS.** Where there is no express power granted to a city to license or regulate the business of constructing artificial stone, asphalt or other composite walks, it cannot be implied from the grant of authority to construct and repair walks of such material and in such manner as the mayor and council may deem necessary.

2. ————: **ORDINANCES: VALIDITY.** The provisions of an ordinance to license and regulate the business of constructing artificial stone, asphalt and other composite walks examined, and found unreasonable and void.

APPEAL from the district court for Douglas county: ALEXANDER C. TROUP, JUDGE. *Affirmed.*

*H. E. Burnam, I. J. Dunn* and *John A. Rine,* for appellants.

*Nelson C. Pratt, contra.*

CALKINS, C.

An ordinance of the city of Omaha made it unlawful for any person to construct artificial stone, asphalt or other composite walks without a license therefor. Section 2 of this ordinance, which contained its material provisions, was as follows: "Any person, firm or corporation desiring to engage in the construction of artificial stone, asphalt or other composite sidewalks in the city, shall be required to apply for a license to the mayor and city council; such license to expire on December 31st of each year. The condition of the issuance of such license to be the payment of ten dollars to the city treasurer and the filing with the city clerk of a surety bond to the city of Omaha, in the sum of $2,000, to be approved by the mayor and city council, guaranteeing the construction of all such walks in conformity with approved specifications of the

city, and their maintenance for five years in continuous good condition; said bond shall also indemnify the city against all damages arising by virtue of neglect to comply with the provisions of ordinances and to take and provide for necessary precautions against damages by virtue of such construction. All such walks to be constructed under permits and in full accordance with provisions of ordinances." The plaintiff, who had not complied with the provisions of this ordinance, was employed by the owner of a lot in said city to lay a cement sidewalk in front of such lot; and, while engaged in the construction of the same according to the specifications of the city for the laying of walks of that character, he was arrested under a complaint charging him with engaging in the business of laying cement sidewalks without a license, in violation of the ordinance in question. The plaintiff brought this action to restrain the city, its officers and agents, from attempting to enforce said ordinance against him, on the ground that the ordinance was unreasonable and void, and unauthorized by the charter of the city. The defendants demurred to the petition, which demurrer was overruled, and, the defendants not desiring to answer, a judgment for the plaintiff was rendered, from which the defendants bring this appeal.

The power to pass a city ordinance must be vested in the governing body by the legislature in express terms, or be necessarily or fairly implied in and incident to the powers expressly granted, and must be essential to the declared purpose of the corporation; not simply convenient, but indispensable. 1 Dillon, Municipal Corporations (4th ed.), sec. 89; *Anderson v. City of Wellington*, 40 Kan. 173. Powers encroaching upon the rights of the public or of individuals must be plainly and literally conferred by the charter. *Breninger v. Belvidere*, 44 N. J. Law, 350. The power to license must be plainly conferred, or it will not be held to exist. 1 Dillon, Municipal Corporations (4th ed.), sec. 361; *Dunham v. Trustees of Rochester*, 5 Cow. (N. Y.) 462; *Commonwealth v. Stodder*, 2 Cush.

(Mass.) 562; *Mays v. City of Cincinnati,* 1 Ohio St. 268; *City of St. Paul v. Traeger,* 25 Minn. 248.

It is conceded that no express power is given to license and regulate the vocation mentioned in the ordinance; but it is argued that the power is necessarily implied from the right of the city to designate the material and manner of construction of the walks to be laid in its streets. In considering this question, it should be borne in mind that the legislature in imposing upon the lot owner the burden of maintaining walks in front of his premises reserved to him the privilege of himself constructing the same. Section 121 of the charter of the city of Omaha (Comp. St. 1905, ch. 12*a*) provides: "Before any sidewalk shall be constructed or repaired by the city the owner or owners of the lots or lands to be assessed shall be given notice to construct or repair such sidewalk and shall have 20 days after the giving of such notice within which to construct or repair the same." And that "in case the owner or owners shall fail to construct or repair such sidewalk as directed the city may construct or repair said walk and assess the cost thereof upon the abutting property." It appears that, so far as the owner was concerned, he was acting within the right given by law to construct the walk in front of his premises, and the only question involved is the right of the city to compel the plaintiff to comply with the requirements of the ordinance as a condition of following his vocation. We think the restrictions imposed by the ordinance are not only unreasonably oppressive, but unnecessary to the exercise of the power to designate the material and manner of construction of such walks. Its provisions must prove onerous to the individual of slender means engaged in the vocation sought to be regulated. He is required to pay a fee of $10 for each year or fraction of a year, a not inconsiderable tax upon a small business. In addition to this, he is required to give annually a bond, upon which his sureties will be liable for a period of five years, so that if he continues in business for that period of time he will be compelled to furnish five

distinct bonds, representing an aggregate liability of
$10,000, which is obviously impracticable, unless the ap-
plicant be of substantial means and established credit.
While not creating a monopoly, the ordinance is monopo-
listic in its tendency, and would incline to lessen compe-
tition; and, for this reason, it should not be sustained,
unless vitally necessary to the exercise by the city of the
power to designate the material and manner of construc-
tion of its walks. No adequate reason why it is essential
to the exercise of this power is pointed out in the argu-
ment of the defendant, and we have been unable to con-
ceive one. The power of the city to prescribe the material
and manner of construction of its walks may be enforced
by its refusal to accept any walk not constructed accord-
ing to its requirements. It was argued on the hearing
that, if a walk were constructed by an unlicensed con-
tractor, there might exist some latent defect which would
cause its disintegration. Since the lot owner must re-
build and repair, this would be his loss, and not that of
the city; and the power of the city cannot be sustained
on the theory that it is necessary to protect the lot owner
from the consequences of employing a dishonest or incom-
petent contractor. He has the stimulus of his own per-
sonal interest. He knows that he must rebuild or repair
at his own cost if he allows inferior work to be done. This
incentive always has been, and probably always will be,
more effectual than the sense of duty as ordinarily devel-
oped in public officials. There is no alchemy in license
fees and bonds to make a workman honest. Reliable work
can only be secured by unremitting vigilance, and this
vigilance will only be practiced by the individual whose
financial interest is direct.

2. It was suggested that the power to enact this ordi-
nance might be implied from the general welfare clause of
the charter, or from the general power of supervision over
streets. We are cited to no case which sustains the exercise
of the power assumed, and in our own examination of the

37

authorities we have discovered no instance in which there has been an attempt to license or regulate the vocation in question. It was not contended in defendants' brief, nor upon the argument, that the ordinance was intended to require indemnity to the city against the liability it might incur for injuries to individuals caused by the negligence of the builder of such walks in the work of construction, and we do not determine the question whether the city has, under its general grant of power, authority to enact an ordinance requiring the owner of a lot, or a contractor engaged in constructing walks for owners, to give a reasonable indemnity against such injuries as a condition of the exercise of the privilege reserved to the owner by section 121, *supra*. It is not suggested that the construction of walks of artificial stone, asphalt or other composite material is attended by any danger to individuals that does not exist in the work of constructing walks of other material; and it is apparent that an ordinance to require indemnity against such risks should not be confined, as is the one under consideration, to persons engaged in the construction of artificial stone, asphalt or other composite walks.

The ordinance as it stands is without authority, unreasonable and void; and we recommend that the judgment of the district court be affirmed.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.