STATE OF NEBRASKA, APPELLANT, V. A. OSCAR WIGGENJOST, APPELLEE.

FILED FEBRUARY 21, 1936.   No. 29481.

*Loren H. Laughlin* and *H. B. Porterfield,* for appellant.

*Mockett & Finkelstein, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ. .

ROSE, J.

In the municipal court of the city of Lincoln, the building inspector presented a complaint charging A. Oscar Wiggenjost, defendant, with violations of ordinance in the following particulars:   First count, erecting and hanging a sign

for the Standard Market at 1535 O street without having registered to engage in the business of hanging and erecting signs; second count, erecting and hanging a sign for the Standard Market at 1535 O street without having obtained from the building inspector a permit to do so; third count, erecting and hanging a sign for The Lodge at 2135 O street without having registered to engage in the business of hanging and erecting signs; fourth count, erecting and hanging a sign at The Lodge at 2135 O street without having obtained from the building inspector a permit to do so.

On this complaint a warrant for the arrest of defendant was issued. He appeared before the municipal court and pleaded not guilty. Upon a trial he was convicted and sentenced to pay a fine and the costs of prosecution. From the sentence imposed upon him he appealed to the district court and there demurred to each count of the complaint. The demurrer was overruled as to the second and fourth counts, charging that defendant erected and hung signs without permits from the building inspector and sustained as to the first and third counts, charging that defendant erected and hung signs without registering or procuring a license to engage in that business. The city, prosecuting in the name of the state, stood upon its demurrer and the prosecution was dismissed as to the first and third counts of the complaint. From the dismissal the city appealed to the supreme court.

The question presented by the appeal is the validity of that part of ordinance 3208, called the "Sign Ordinance," which forbids any person from engaging in the business of painting, placing, erecting or maintaining advertising signs without first procuring from the city an annual license and paying therefor a fee of $10.

The demurrer assails the license feature of the sign ordinance on the grounds, among others, that the home rule charter of Lincoln does not confer on the city the power to require a sign painter to procure a license and to pay $10 as conditions of his right to pursue his vocation; that the burden imposed is an unreasonable interference with per-

sonal, contractual and property rights guaranteed by both the state and federal Constitutions.

The home rule charter confers upon the city power "to regulate and prevent the use of streets, sidewalks, and public grounds for signs, signposts, awnings, telegraph, telephone or other poles, racks, bulletin boards, and the posting of hand bills and advertisements." Comp. St. 1929, sec. 15-208. The ordinance regulating the painting, construction and hanging of signs covers in detail the entire subject and makes provision for the complete protection of the public. Proper materials and workmanship are required by the sign ordinance. The building inspector is authorized to prevent the erection or use of any sign on street or sidewalk, if not in compliance with specifications for the protection of the public. Notice of the hanging of a commercial sign is required. Each person engaged in painting and hanging signs is required in every instance to procure a permit from the building inspector and to pay therefor a fee of one dollar for each sign of the class erected by defendant. These precautions were taken by the city under the power of regulation conferred by the home rule charter, and it is argued that power to exact an annual license and an additional fee of $10 is included in or implied by the regulatory grant. The power of a city to regulate an innocent vocation does not imply the power to prohibit it unless a license is procured. The right to acquire the means of supporting life by honest labor and skill is an inherent right of a law-abiding citizen. Municipal restrictions on that right must be found in plain terms of the city charter or other law. The vocation of painting and hanging advertising signs does not imply any sinister influence on the public, calling for municipal surveillance in the form of a license. The home rule charter does not confer on the city in direct terms power to prohibit a sign painter from pursuing his vocation, unless he procures in advance an annual license and pays therefor a fee of $10. The power to regulate sign painting and sign hanging does not imply the power to license a sign painter. Municipal power encroach-

ing upon individual rights must be plainly conferred by law. "The power to license must be plainly conferred, or it will not be held to exist." *Gray v. City of Omaha,* 80 Neb. 526, 114 N. W. 600. In that case an ordinance making it unlawful for any person to construct artificial stone, asphalt or other composite walks without procuring a license and paying a fee of $10 for each year, or fraction of a year, was held unreasonable and void.

The general welfare clause of the home rule charter is invoked to sustain the license feature of the sign ordinance, but this construction would carry implication too far. Before hanging a single sign defendant was required by the sign ordinance, in addition to a permit costing one dollar, to pay a 10-dollar license fee for an entire year. This license burden seems better calculated to increase the mournful numbers already on public relief than to promote public peace, public health or public safety.

The power to tax a business for the purpose of raising city revenue is also invoked to sustain the license. This position is clearly untenable. The title and body of the sign ordinance show definitely that the legislative measure is regulatory in character and does not even purport to levy a tax for revenue.

While the license feature of the sign ordinance is not enforceable against defendant for the reasons stated, it does not follow that other provisions are invalid. *Morgan v. State,* 64 Neb. 369, 90 N. W. 108. Finding no error in the proceedings and rulings of the district court, the judgment below is

AFFIRMED.