STATE OF NEBRASKA, APPELLEE, V. JOE PHILLIPS, APPELLANT.

274 N. W. 459

FILED JULY 14, 1937. No. 30034.

*Mockett & Finkelstein,* for appellant.

*Loren H. Laughlin* and *George A. Piper, contra.*

Heard before GOSS, C. J., GOOD, EBERLY, DAY and PAINE, JJ., and SPEAR and KROGER, District Judges.

KROGER, District Judge.

Complaint was filed in the municipal court of the city of Lincoln charging the defendant, Joe Phillips, with violating the ordinance of the city by moving a house over and through the streets of said city without having first obtained a permit from the city council so to do. Defendant entered a plea of not guilty, and after trial was had, he was found guilty and he was sentenced to pay a fine of $100 and the costs of prosecution. From this sentence he perfected an appeal to the district court, and then demurred to the complaint on the ground that the city ordinance under which he was prosecuted was unconstitutional. The demurrer was overruled and trial had, and defendant was again found guilty and sentenced to pay a fine of $100 and costs of prosecution. It is from this sentence that this appeal is prosecuted.

Ordinance No. 879 of the city of Lincoln provides that it shall be unlawful for any person to carry on or engage in the business of house moving in the city of Lincoln without having first procured a license from the said city, and further provides that an applicant for such license shall accompany his application for license with a bond in the sum of $15,000, conditioned as set out in the ordinance, and provides for a license fee of $10 for a term of seven days, or of $20 a month for any period between seven days and five months, or of $100 for a period of one year, and, in addition to said license fee, provides that there shall be paid to the city treasurer $3 a day for each day any building shall remain on any public thoroughfare. The ordinance further provides that no building having a greater height than 18 feet nor a greater width than 20 feet shall be moved across or over any street or public way in the city of Lincoln, except that the city council may, upon written application, grant a special permit for the moving of

frame houses of greater dimensions than specified, when, in the opinion of the city council, the road over which such house may be moved will cause no exceptional hazard to persons or property; but, in the event such special permit is granted, the applicant shall file with the city clerk a bond of not less than $25,000, or such greater amount as the city council shall deem necessary, conditioned the same as provided for the bond of $15,000.

In this case it is admitted that defendant moved a frame house over and across a city street without having complied with the ordinance herein referred to, and without having given a bond in any sum or having been licensed as a house mover.

Defendant concedes that the city of Lincoln has authority under its charter to regulate and prohibit the moving of buildings through the streets of the city, but contends that the city has no authority to adopt an ordinance which requires a license and bond from those who desire to engage in the business of moving houses, and further contends that the ordinance is confiscatory, unreasonable and oppressive, and consequently unconstitutional.

Defendant relies upon the case of State v. Wiggenjost, 130 Neb. 450, 265 N. W. 422, in which this court recently held: "Municipal power to regulate commercial sign painting and sign hanging does not imply power to exact from a sign painter an annual license to pursue his vocation."

It may be stated as a broad proposition that there are some occupations which every citizen may engage in as a matter of right and which are not subject to regulation by public authorities. Such occupations, however, as may in their performance affect public health, morals, safety or welfare are proper subjects of regulation under the police power, and the question here presented is whether or not the business of house moving falls within the latter class.

It is obvious that in order to carry on the business of house moving it is necessary to make use of the city streets. During such time as the streets are used, they are at least partially and sometimes wholly blocked, and unless the

work is done by one experienced in that line of work, there is the danger of prolonged delay in clearing the streets of the obstruction. The evidence in this case discloses that there is also the danger of contact with electric wires, of damage to water mains that may be in the streets, and of damage to the paving.

Under its charter, the city has control of its streets and the right to regulate traffic and to prevent obstructions being placed thereon. Public safety requires that the streets be kept reasonably free from obstructions, and that during the time they are obstructed ample warning be given of that fact to the traveling public. In view of those facts, it is apparent that the business of house moving does affect public health and safety and is a proper subject of regulation under the police power.

This brings us to a consideration of whether the ordinance in question is confiscatory, unreasonable and oppressive, and therefore violative of both the federal and state Constitutions. The law is well settled that a license fee required by a municipality for the privilege of engaging in a certain occupation is not a tax and cannot be imposed by a city for the purpose of adding to its revenues. Such a fee should not exceed the sum required to reimburse the city for the expense of necessary investigation before issuing the license and the cost of supervision afterwards. As this expense cannot accurately be ascertained in advance, the courts will not interfere with the discretion of the council in fixing it, unless the fee required is clearly unreasonable.

This court in the case of *Littlefield v. State,* 42 Neb. 223, 60 N. W. 724, held:

"Such a measure will be upheld by the courts when plainly intended as a police regulation and the revenue derived therefrom is not disproportionate to the cost of issuing the license and the regulation of the business to which it applies.

"Where such an ordinance is clearly within the general powers of a municipal body it is presumed to be reasonable, and the judicial power of the state will not be exercised to

declare it void, unless from its inherent character, or by proofs adduced, it is shown to be unreasonable."

Defendant made no showing that the fee provided by the ordinance was unreasonable or in excess of what was the reasonable cost of investigation and supervision, and, on its face, it does not appear to be so.

Defendant's attack seems to be directed primarily against the provision for a bond of $15,000 and under certain specific circumstances $25,000 or more. His evidence deals largely with the cost of such a bond and is silent as to the necessity for the same. His own evidence, however, discloses that the high rate asked for such a bond by bonding companies is due to the hazard of the house moving business and indicates that some bonding companies will not write such a bond because of the hazard involved. The evidence produced by the city would indicate that the bond required was not excessive in amount and, as before stated, the evidence of defendant is silent on that question.

Under the circumstances, it cannot be said that the bond required is unreasonable or excessive or greater than necessary to protect the city and the public against the hazard involved.

No error being found in the record, the judgment and sentence of the trial court are

AFFIRMED.