# Ex parte ROBERT DAVIS.

No. 10001.   May 28, 1941
(114 P. 2d 186.)

J. T. Dickerson, of Tulsa, and Forrest Powell, of Edmond, for petitioner.

Wade Arends, of Edmond, for respondent City of Edmond.

JONES, J. This is an original proceeding for a writ of habeas corpus wherein the petitioner, Robert Davis, seeks his release from confinement in the city jail in the city of Edmond.

A complaint was filed against the defendant on January 31, 1941, which reads as follows:

"E. N. Kelly of lawful age, being duly sworn, on oath, deposes and says that on the 31 day of January, 1941, in the City of Edmond, in Oklahoma County and State of Oklahoma, one Robert Davis did then and there unlawfully and contrary to the ordinances of the City commit the offense of Canvassing in the City of Edmond, Okla., without a license, Contrary to Sec. 163 of the revised Ordinance of the City of Edmond, Oklahoma, Revision of 1929."

The rule to show cause was issued and a response was filed by the chief of police of Edmond, in which it is alleged that the petitioner was going from house to house in the city of Edmond, soliciting to sell or offering for sale certain coupons for photographs without a license or permit as required by the ordinances of the city of Edmond. That upon the complaint being filed against the petitioner, the said Robert Davis was tried in the municipal court of Edmond, was found guilty and ordered to pay a fine in the amount of $10; and upon refusal to pay said fine, was committed to the city jail in accordance with the general ordinances of the said city. A copy of the ordinance in question is attached to both the petition and the response.

In the response it is further alleged that the city of Edmond has had considerable complaint from the residents thereof in regard to persons soliciting their homes for the sale of coupons for photographs, taking their first payment and never returning to deliver the pictures; that it is necessary for the protection of the inhabitants of said city and for the protection of legitimate merchants that a license or permit be issued in order that the city may know who is soliciting. That demand was made upon the manager of the Great West Studios for the sum of $5 per day for him and his crew to solicit in Edmond; but that the manager refused to obtain a license, and his employee, Robert Davis, the petitioner, was arrested, tried, and found guilty as hereinabove set out.

The petitioner makes the contentions:

(1.) That the complaint shows upon its face that it does not charge a violation of any ordinance of the city of Edmond nor a violation of an ordinance authorized by the general statutes of the State of Oklahoma.

(2.) That if said complaint attempts to charge a violation of sec. 163 of art. 1, ch. 11, of the Revised General Statutes of the city of Edmond, that the same is invalid so far as it applies to this petitioner for the reason that the fee so charged is excessive, arbitrary, oppressive, and discriminatory, in that it seeks to create a monopoly for the photographers maintaining a permanent business in the city of Edmond; and said fee is so excessive that it has no reasonable relation to the business sought to be regulated.

In the hearing before this court, the petitioner and the owner of the Great West Studios testified on behalf of the petitioner, and the chief of police testified for the respondent.

The proof on behalf of the petitioner established that his income from selling coupons for photographs was from $2.50 to $3.50 per day. That the city clerk demanded $5 per day from the petitioner and each member of the crew.

C. C. Kuykendall, as owner of the Great West Studios, testified that the city clerk had demanded $5 per day for each solicitor, which was prohibitive so far as his business was concerned; that his company has worked in many cities of the state, and the average ordinance imposed upon the members of the crew in these cities is $5 a year for each solicitor. Kuykendall further testified that about a year ago, he went to Edmond with his crew, attempted to buy a license, and was advised that if he would rent a place in Edmond and there finish his pictures, he could go ahead and work without a license. That he accordingly rented two office rooms and they permitted him to go ahead and work without buying a license.

The chief of police testified that the ordinance, as he interpreted it, was construed to mean $5 per day for the person, firm, or crew. That he did not remember the name of any firm that had paid $5 per day to solicit. He understood that the ordinance did not apply to the people of Edmond, providing they were operating a merchandising store or anything of that nature. Anything that is made in Edmond could be sold in Edmond. That he had trouble with a man soliciting for Great West Studios before; people had complained to him. A complaint had been filed against this man, and he had left town. Witness did not remember any conversation in which Kuykendall was advised that if he rented an office and opened a studio in Edmond that he would not be charged a license fee.

It is clear that the first contention of the petitioner should be sustained. There is no ordinance of the city

of Edmond prohibiting "canvassing." If there were such an ordinance, no statutory authority could be found empowering a municipality to prohibit canvassing.

It is well settled that a municipal corporation can exercise only such powers of legislation as are given them by the lawmaking power of the state. In re Lankford, 72 Okla. 40, 178 P. 673; Grantham v. City of Chickasha, 156 Okla. 56, 9 P. 2d 747; Ex parte Holmes, 162 Okla. 30, 18 P. 2d 1053.

Since the complaint charges no crime by any inference or intendment, imprisonment of the petitioner based thereon is illegal, unauthorized, and should be set aside.

Apparently, both the petitioner and respondent realize that the petitioner should be entitled to his release in the instant case by reason of the insufficiency of the complaint filed against him. Yet it is insisted by both said parties that this court proceed to construe the ordinance under which the charge is filed herein so as to prevent a repetition of these proceedings after a complaint, in proper form, under the ordinance is filed.

The first question to confront us is whether the ordinance in question is an act for the regulation of the businesses or occupations therein set forth which would come under the implied police power of the city or is an ordinance for the purpose of raising revenue.

It is clearly established that a municipal corporation may not impose a license fee in the nature of a police regulation in excess of an amount that is reasonably necessary for regulating the business involved. Mitchell v. City of Lawton, 124 Okla. 60, 253 P. 999; Ex parte Holt, 74 Okla. 226, 178 P. 260; City of Muskogee v. Wilkins, 73 Okla. 192, 175 P. 497.

The title of the ordinance in question reads as follows: "An Article prescribing a Tax on Certain Occupations, Fixing Rates, Requiring the Issuance of License and Providing Penalty."

Section 161 of said ordinance provides:

"For the purpose of raising a revenue for the city of Edmond, there is hereby levied a license tax on the callings, trades, business, avocations and occupations hereinafter named and carried on within the corporate limits of said city; and no person, firm or corporation, either as principal or agent, shall pursue, conduct, carry on or operate within the said city any of such lines of business or occupations without first paying in advance to the city clerk the license tax hereinafter prescribed and levied, and procuring a license from the city clerk."

The section under which the city seeks to hold petitioner (sec. 163) reads:

"Hucksters, peddlers, hawkers, agents, solicitors, or other persons, firms or corporations, not engaged in interstate commerce, who desire to sell, solicit to sell, or take orders for the sale of any article, goods, wares or merchandise, upon the streets, avenues or alleys within the corporate limits of said city, or upon the railroad right of way, or by going about from house to house, each, per week, the sum of $20.00 in advance.

"Provided, if any such person, firm or corporation, shall desire a license for a longer period than one week, a license may be issued for a period of one month for the sum of $35.00, in advance; or a license may be issued for a period of six months for the sum of $75.00, in advance. And if any such person, firm or corporation shall desire a license for a shorter period than one week a license may be issued day by day for the sum of $5.00 per day in advance.

"Ex-soldiers may peddle without license. 1923 S.L. Page 226 [72 Okla. St. Ann. §§ 1, 2, 5, 6]."

A reading of the various provisions of this ordinance leads one to conclude that the ordinance is a revenue raising measure. On the other hand, a reading of the response filed herein, wherein the respondent states that the municipality had had numerous complaints from housewives about solicitors calling at their homes uninvited and bothering them, and of the perpetration of frauds by a solicitor, would tend to support the inference that the measure in question was passed as a regulatory ordinance and not for the purpose of raising revenue. This is further strengthened by the fact that the chief of police was unable to tell any other person who had paid a similar tax in the past four years. Evidently the city was not relying upon the section of the ordinance in question as a revenue raising measure or they would have placed the fee at a lower figure in order to encourage soliciting by agents in order to increase the revenues of the city.

In 19 R.C.L., Municipal Corporations, 252, page 952, it is stated:

"The court must determine the character of the ordinance from its provisions, and if it clearly appears therefrom that its primary purpose is the raising of revenue it must be treated as a tax, and if its primary purpose is regulation it must be treated as enacted under police power. When no police inspection, supervision, or regulation is provided, nor any standard set for the applicant to establish, or that he agrees to attain or maintain, but any and all persons engaged in the business designated, without qualification or hindrance, may come, and a license on payment of the stipulated sum will issue, to do business, subject to no prescribed rule of conduct and under no guardian eye, but according to the unrestrained judgment or fancy of the applicant and licensee, the presumption is strong that the power of taxation, and not the police power, is being exercised."

When measured by this test, it is apparent that the primary purpose of the levying of the fee in question is the raising of revenue as there is no provision for police inspection or supervision, nor any standard set for the applicant to maintain, etc. Neither is there shown by any evidence that petitioner's business is such as might be injurious to public health, peace or morals so as to require regulating and supervision.

It is not shown in the record the date of the passage of the ordinance in question, but counsel cite it as a part of the Revised General Ordinances of 1929 of the City of Edmond. Prior to the amendment by the Legislature of 1935, Session Laws 1935, p. 136, § 1, 11 Okla. St. Ann. §' 651, municipal corporations had no legislative grant of power authorizing a tax on "photographers, photographers' agents, agents of all kinds and solicitors."

An attempt by the city of Ponca City to collect a license fee of $5 per day on transient photographers prior to the passage of the 1935 amendment, supra, was held void as not within the power delegated to municipal corporations by the Legislature. Ex parte Holmes, supra; Ex parte Stewart, 162 Okla. 32, 18 P. 2d 1054.

It is apparent from a consideration of these opinions that the ordinance of the city of Edmond prior to 1935 was ultra vires in so far as the same would apply to solicitors or photographers' agents. Ordinarily, where the Legislature authorizes a municipal corporation to levy and collect a license tax on certain occupations, the amount of tax to be imposed is within the discretion of the city' council. If the power to tax may be exercised at all, it must be exercised at the will of those in whose hands it is placed.

After a consideration of the record, it is our conclusion that the ordinance in question is a revenue raising

measure; and under the provisions of the amendment in the Session Laws 1935, supra, it is within the power of the city of Edmond to levy an occupation tax upon the occupations and businesses named in said statute. With this conclusion established, the remaining point to be considered is whether the tax in question is discriminatory and illegal so far as the petitioner is concerned because of the violation of article 10, sec. 5, of the Constitution of Oklahoma, Okla. St. Ann. Const., and other constitutional provisions.

It is apparent from the testimony of the chief of police and the manager of the Great West Studios that the interpretation of the section of the ordinance involved, by the city officials, was in such a manner as to protect the local photographers from competition. The tax was so high that it was oppressive and absolutely prohibitive so far as the business in which petitioner is engaged was concerned. As shown by the record, the city two years before the arrest of petitioner had allowed the agents of the same studios to sell coupons for photographs under the same city ordinance without requiring the payment of the license fee after the studios had rented rooms in Edmond where the pictures that were taken would be developed and delivered. The primary purpose of the ordinance, as interpreted by the city officials, is to discriminate in favor of the local merchant and to stifle all competition so as to create a monopoly for the local photographers.

Said ordinance being discriminatory by reason of its interpretation by local officials and not applying with equal force to the agents of the local photographers the same as with outside merchants, and in addition being so high that it is unreasonable and oppressive in relation to the business involved, it is our conclusion that the ordinance so far as it applies to the petitioner's business

is illegal and void, and petitioner is entitled to his discharge.

An ordinance may be valid on its face, but so interpreted by the persons charged with the enforcement thereof that it leads to discrimination. There is nothing in the ordinance to show that the license fee sought to be charged is unreasonable or that the tax thereby levied does not apply equally and uniformly upon the same class of subjects. But where the municipal officials charged with the enforcement of the ordinance studiously and designedly interpret said ordinance so that it will not apply to those solicitors operating from a fixed place of business within the city limits, and the proof upon the hearing shows that the interpretation placed on the ordinance renders it discriminatory and that, although apparently legal on its face, it is used to grant a monopoly to the resident photographer of the city of Edmond, the same will be held to be illegal and void.

If it is the desire of the city council of Edmond to place an occupation tax upon photographers and photographers' agents under the authority granted to them under Session Laws 1935, supra, the ordinance in question should be amended so as to specifically name these occupations and a reasonable tax placed thereon, and no attempt should be made to levy a tax upon these businesses through the tax upon the general class of "solicitors" as named in the ordinance in question. The $5 per day for solicitors for a certain line of business might be reasonable, but in other lines of business wholly unreasonable and oppressive. The local merchants maintain the schools, churches, and other local functions which are an added expense to their business; and it is proper that a reasonable fee should be levied against those hawkers and peddlers who come into the city and compete with their wares against the local

merchant. But as hereinabove stated, the tax levied must apply uniformly, and must not be so unreasonable as to be entirely prohibitive. The Legislature has expressly given cities authority to tax photographers and photographers' agents; and if it is the desire of the governing body of a city to tax these occupations, they should be specifically named in the ordinance.

For the reasons above stated, the writ of habeas corpus is granted; the petitioner is illegally restrained of his liberty, and it is ordered that he be discharged from custody.

BAREFOOT, P. J., concurs. DOYLE, J., absent.