In the Matter of the Application of Sam S. VARNADO, Jr. for Writ of Habeas Corpus.

No. A–12608.

Criminal Court of Appeals of Oklahoma.

May 7, 1958.

E. E. Thompson, Poteau, for petitioner.

W. S. Agent, Sallisaw, for respondents.

BRETT, Presiding Judge.

This is an original proceeding in habeas corpus brought by Sam S. Varnado, Jr. In the petition it is alleged that the petitioner is being unlawfully restrained of his liberty by the Sheriff of LeFlore County, Oklahoma, on behalf of the Town of Spiro, Oklahoma. Petitioner alleges the confinement is by reason of an alleged violation of an ordinance of the Town of Spiro, No. 103, particularly sections 11 and 15, allegedly against soliciting orders for photographs from persons residing in the Town of Spiro, said solicitations being made for the Magic Valley Studio, McAllen, Texas, without first paying a license fee. The petitioner, upon conviction, was delivered by the Town of Spiro to the Sheriff of LeFlore County, Oklahoma, for the service of a fine of ten dollars and costs of four dollars and fifty cents, which petitioner refused to pay.

The provisions of section 11 of the foregoing ordinance read as follows, to wit:

"Section 11. Hawkers and Peddlers. —Each and every person except salesmen selling to retailers and farmers or gardeners selling farm produce, who goes from house to house or place to

place for the purpose of selling or offering to sell for present or future delivery, any magazines, periodicals, goods, wares or merchandise of any description, shall pay three dollars per day, ten dollars per week or twenty dollars per month. Each and every person, except salesmen selling to retailers and farmers or gardeners selling farm produce, who offers for sale or sells any magazines, periodicals, goods, wares or merchandise of any description whatsoever for present or future delivery from any stand, wagon or automobile, shall pay ten dollars a day or fifty dollars a week. Each and every person who sells or offers to sell any patent right shall pay twenty (20) dollars a week."

At the time the ordinance was enacted, November 29, 1923, cities and towns in Oklahoma were not authorized by the terms of C.O.S.1921 § 4556 to levy an occupation tax on photographers and photographers' agents, and this occupation was not included until the statute was amended by the Session Laws of 1935, 11 O.S.1951 § 651. The ordinance not being applicable to photographers at the time it was enacted, and no showing having been made that it has since been reenacted, it is therefore apparent the ordinance would not now apply to photographers and photographers' agents.

Furthermore, in no place in said ordinance are photographers or photographers' agents expressly and specifically mentioned. It has been held that to bring such occupation within such ordinance, even where a city or town is authorized so to do by the general laws of the state, it should be specifically named as being within the tax levied. In Ex parte Davis, 72 Okl.Cr. 152, 114 P.2d 186, 190, this Court said:

"If it is the desire of the City Council of Edmond to place an occupation tax upon photographers and photographers' agents under the authority granted to them under Session Laws 1935, supra, the ordinance in question should be amended so as to specifically name

these occupations and a reasonable tax placed thereon, * * *."

It is thus apparent that the ordinance of the Town of Spiro is also inapplicable to photographers' agents for failure to specifically designate photographers and photographers' agents within the provisions of the ordinance.

It is not necessary for us to discuss the other points raised herein. The writ of habeas corpus is accordingly granted with directions to the Town of Spiro and the Sheriff of LeFlore County to release the petitioner. After hearing of the petition, herein, the petitioner was released on bond. It is further ordered that his bondsman be exonerated.

POWELL and NIX, JJ., concur.