STATE OF VERMONT EX REL. CARL H. BILLADO ET AL. *v.* CONTROL COMMISSIONERS OF SOUTH BURLINGTON.

November Term, 1945.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed January 8, 1946.

*Louis Lisman* for the petitioners.

*Frederick J. Fayette* for the petitionees.

SHERBURNE, J. By this petition for a writ of mandamus the plaintiffs seek to compel the defendants to give them a hearing upon their application for a first class license to sell malt and vinous beverages for consumption on the premises operated by them as a restaurant in the town of South Burlington. The petition shows that the plaintiffs at the time of making their application, and at several times thereafter, requested an opportunity to be heard thereon, and that the application was denied without giving them an opportunity to be heard. An answer was filed, which admits the allegations of the petition, and asserts that the defendants performed the duty which they were called upon to perform when the application was made, and that they are not required to grant a hearing on such an application. Upon argument it was agreed that the answer should be treated as a demurrer.

This case turns upon the construction of the first paragraph of section 22 of No. 1 of the Acts of the Special Session of 1934, as amended by § 2 of No. 216 of the Acts of 1939. This reads:

> "The control commissioners may with the approval of the liquor control board grant to a retail dealer in respect to the premises wherein the dealer shall carry on business the following:"

this paragraph is followed by two paragraphs headed by "(A)" and "(B)", respectively relative to a first class license to sell malt and vinous beverages for consumption on the premises, and to a second class license to sell such beverages for consumption off the premises. The only changes made by the amending act were in these two paragraphs relative to the age of persons to whom sales could not be made. The quoted paragraph was unchanged.

No. 1 of the Acts of the Special Session of 1934 revised our liquor law and repealed §§ 1196 to 1221 inclusive of the Public Laws. The first paragraph of P. L. 1203 read as follows: "The control commissioners may grant to a retail dealer in respect of

the premises wherein the dealer shall carry on business the following:" This paragraph was followed by two paragraphs headed "I" and "II", respectively, relative to first and second class licenses to sell malt and fermented beverages and light wines. These were substantially like the two paragraphs headed "(A)" and "(B)" above, both in language and arrangement, except for the omission of the age of persons to whom sales could not be made, which was covered as to second class licenses by P. L. 1204. §§ 1203 and 1204 of the Public Laws were derived from § 7 of No. 140 of the Acts of 1933, as amended by § 5 of No. 10 of the Acts of the Special Session of 1933. Here the first paragraph reads as in P. L. 1203, and the likeness of language in the two following paragraphs headed "(a)" and "(b)" to the two paragraphs headed "(A)" and "(B)" above is even more pronounced. Only paragraph "(b)", however, contains any age limitation.

We held in the case of *Crystal Brook Farm, Inc.* v. *Control Commissioners of Derby,* 106 Vt 8, 168 A 912, that § 5 of No. 10 of the Acts of the Special Session of 1933, vested in the control commissioners a discretion whether such licenses should be granted or not. This decision was handed down prior to the Special Session of 1934. When in a later act, on the same general subject matter, the Legislature makes use of a particular word or form of words which the courts have construed, it is to be presumed, in the absence of anything to the contrary, that it used such words in the sense attributed to them by such construction. *Notte* v. *Rutland R. R. Co.,* 112 Vt 305, 308, 23 A2d 626; *Brace* v. *Hulett,* 109 Vt 360, 366, 196 A 742; *In re Estate of Woolley,* 96 Vt 60, 64, 117 A 370; *Newman* v. *Garfield,* 93 Vt 16, 19, 104 A 881, 5 ALR 1507; *Whitcomb* v. *Rood,* 20 Vt 49, 52. It is apparent that § 22 of No. 1 of the Acts of the Special Session of 1934 was modeled after P. L. 1203 and § 7 of No. 140 of the Acts of 1933, as amended by § 5 of No. 10 of the Acts of the Special Session of 1933, except that it was made more restrictive by making the approval of the liquor control board a requisite before such a license can be granted. As before, there is vested in the control commissioners a discretion whether such licenses shall be granted or not. As said in *Crystal Brook Farm, Inc.* v. *Control Commissioners of Derby, supra,* the duty which the defendants were called upon to perform, when application was made to

354

them for a license, involved the exercise of a wise discretion, was quasi judicial in character, and the discharge of it cannot be controlled by mandamus.

The statute does not provide for a hearing upon an application for a license. The only direction for a hearing, other than in court proceedings over violations of the Act, is in § 26, where it is provided that no license shall be revoked until the licensee shall be notified and given a hearing before the liquor control board, unless the licensee shall have been convicted in court of violating the provisions of the Act. The inference is that no hearing is required upon such an application and that the control commissioners may act upon the basis of any knowledge or information available to them, so long as their action is not arbitrary or capricious, but is made in good faith and with a view of advancing the purpose and policy of the law; unless the statute must be so interpreted as to afford an applicant for a license a hearing before his application can be denied, in order not to be wanting in due process of law. See *In re Allen,* 82 Vt 365, 372, 373, 73 A 1078, 26 LRANS 232; and *Bioni* v. *Haselton,* 99 Vt 453, 457, 134 A 606. These cases respectively related to the deprivation of personal liberty, and the deprivation of the natural right of guardianship over a minor child and the right to the child's services during minority, a species of property, without notice and opportunity to be heard.

Because of the tendency of the use of intoxicating liquors to deprave public morals, it has come to be the generally accepted doctrine that the manufacture or sale of such liquors, and even their possession or use, is not a matter of "common", "inherent", or "natural" right, but, if a right at all, is one held subject to the police power of the State; in other words, it is a mere privilege which the State may grant to some and deny to others, or may take away altogether. 30 Am Jur Intoxicating Liquors, § 19. See *State* v. *Semeraro,* 99 Vt 275, 279, 131 A 798; *State* v. *Lucia,* 104 Vt 53, 61, 157 A 61. As said in *Crowley* v. *Christensen,* 137 US 86, 91, 11 S Ct 13, 15, 34 L ed 620, 624: "There is no inherent right in a citizen to . . . sell intoxicating liquors by retail; it is not a privilege of a citizen of the State or of a citizen of the United States. As it is a business attended with danger to the community, it may . . . be entirely prohibited, or be permitted

under such conditions as will limit to the utmost its evils. The manner and extent of regulation rest in the discretion of the governing authority. That authority may vest in such officers as it may deem proper the power of passing upon applications for permission to carry it on, and to issue licenses for that purpose. It is a matter of legislative will only. As in many other cases, the officers may not always exercise the power conferred upon them with wisdom or justice to the parties affected. But that is a matter which does not affect the authority of the State, or one which can be brought under the cognizance of the courts of the United States."

Notice and hearing is necessary only when some constitutional right is claimed to be invaded. When the purpose of an administrative determination is to decide whether a privilege which an applicant does not possess, such as a license to sell intoxicating liquor, shall be granted to him or withheld in the exercise of a discretion vested by statute, notice and hearing is not necessary in the absence of an express or implied statutory provision therefor. 42 Am Jur Public Administrative Law, § 135. *Centerville* v. *Gayken,* 20 SD 82, 104 NW 910; *McCormick* v. *Pfeiffer,* 19 SD 269, 103 NW 31; *Burke* v. *Collins* 18 SD 190, 99 NW 1112; *Casala* v. *Dio,* 65 RI 96, 13 A2d 693; *Darby* v. *Pence,* 17 Idaho 697, 107 P 484, 27 LRANS 1194; *Oval Bar & Restaurant* v. *Bruckman,* 177 Misc. 244, 30 NYS 2d 394; *Usdane* v. *Bruckman,* 30 NYS 2d 396. It may be that there would be less danger of arbitrary action if a hearing were made a prerequisite, but that is a matter for legislative consideration, and not for us. The mere refusal to grant an applicant for a license to sell intoxicating liquors a hearing, when the statute does not require one, does not make the denial of the application arbitrary or capricious. *Darby* v. *Pence, supra; State* v. *Noel,* 346 Mo 286, 140 SW 2d 57; *Burke* v. *Collins, supra.*

In arriving at the foregoing conclusions we have not departed from the holdings in *Sanborn* v. *Weir,* 95 Vt 1, 8, 112 A 228; and *St. Johnsbury* v. *Aron,* 103 Vt 22, 28-31, 151 A 650. Those cases relate respectively to a profession and a business harmless in themselves and useful to the community, and in which any person has a right to engage, subject only to a reasonable regulation. But since the case before us relates to a business the

carrying on of which is a mere matter of privilege because of a character tending to be injurious, discretion as to the granting of licenses may lawfully be delegated to public officials without prescribing definite rules of action, but not, however, to be exercised arbitrarily, for that would not be discretion. This distinction is recognized in *Crowley* v. *Christensen, supra,* 137 US at page 94, 11 S Ct at page 17, 34 L ed pages 624, 625. See also *State ex rel. Crumpton* v. *Montgomery,* 177 Ala 212, 59 So 294; *Ex parte Christensen,* 85 Cal 208, 24 P 747; *Dwyer* v. *People,* 82 Colo 574, 261 P 858; *State* v. *Gray,* 61 Conn 39, 22 A 675; *State* v. *Sherow,* 87 Kan 235, 123 P 866, Ann Cas 1913 D 1059; *Johnson* v. *Board of County Commissioners,* 147 Kan 211, 75 P2d 849; *Burke* v. *Collins, supra; State ex rel. Reedhead* v. *City of Olympia,* 122 Wash 239, 210 P 371.

The petition alleges no facts tending to show that the defendants in denying the plaintiffs' application for a license acted arbitrarily or capriciously, and we are not informed as to the reason for the denial. The action of the defendants in refusing a license will, therefore, be presumed to have been intended for the public benefit, and to have been based on reasons deemed adequate. *Buffalo* v. *Hill,* 79 App Div 402, 79 NYS 449. This is an application of our rule, that acts which purport to have been done by public officers in their official capacity, and within the scope of their duty, will be presumed to have been regular and in accordance with their authority. *Manchester* v. *Townshend,* 110 Vt 136, 143, 2 A2d 207; *Lycoming Fire Ins. Co.* v. *Wright,* 60 Vt 515, 521, 12 A 103; *Ryan* v. *Orient Ins. Co.,* 96 Vt 291, 307, 119 A 423.

The petition does not show whether the town of South Burlington voted to authorize the granting of licenses for the sale of malt and vinous beverages under other sections of the Act, but as no question is raised we give it no consideration.

*Petition dismissed with costs.*

Because of illness Mr. Justice Buttles took no part in the decision of this case.