## In Re Petition of
## Alma St. George, Edmond J. and Laura M. Marcotte, Charles and Betty Barnes, Fred and Doris Richmond

[217 A.2d 45]

Special Term, January 1966

Present: **Holden, C. J., Shangraw, Barney and Keyser, JJ.**

Opinion Filed February 1, 1966

*Latham & Eastman* for petitioners.

*Francis R. Peisch* for Town of Charlotte.

*Wick, Dinse & Allen* for Town of Shelburne.

**Holden, C. J.** The selectmen of the Town of Charlotte on April 15th, 1965, acting under the municipal corporation law, granting permission to the Town of Shelburne to operate "a sanitary landfill" in East Charlotte. The petitioners alleged they are "landowners in the East Charlotte area adjacent to the dump and state that this dump constitutes a nuisance." They contend that permission was granted to the licensee by the selectmen of Charlottee without a hearing on the question of whether the operation would constitute a nuisance and without affording the petitioners an opportunity to be heard on that issue.

The complainants first applied to the court of chancery for Chittenden County for a writ of certiorari. That proceeding was dismissed. We affirmed the dismissal at the December Term, 1965. *St. George et al* v. *Larson et al*, 125 Vt. ......, 215 A.2d 511. They now present a petition for a writ of certiorari invoking our original jurisdiction. The petition asserts the right to be heard on the issue of the license. They

challenge the validity of the action taken by the board of selectmen of Charlotte. The prayer of the petition asks this Court to reverse the decision of the selectmen and order them to hold a hearing prior to the issuance of a permit to operate a dump at East Charlotte.

The minutes of the meeting of the selectmen presented to the Court set forth:

"A meeting of the Selectmen for the Town of Charlotte was held in the Town of Shelburne on April 4, 1965 at 4:00 P. M. in the afternoon. There were present Selectmen Larson and Poole from the Town of Charlotte and Selectmen Deming and Clark from the Town of Shelburne. Attorney Richard Thomas of Burlington, Vermont was also present.

After discussion, the Selectmen of the Town of Charlotte elected to grant a permit to the Town of Shelburne to operate a dump in East Charlotte.

There being no further business to come before the meeting, it was voted to adjourn.

/s/ Walter Larson
/s/ Archibald J. Poole
Selectmen of Town of Charlotte"

It appears from this record that the meeting was held outside the limits of the town where the dump was to be located. Although only two selectmen were present at the meeting, the permit which issued was signed by all three members of the board. These irregularities, however, were not advanced in oral or written argument.

In any event, the defendants do not dispute the facts alleged. They respond by saying no hearing was required under the statute appertaining to this function. They contend further that the complainants could find adequate relief in chancery by way of an injunction.

The statute upon which the selectmen issued the license is 24 V.S.A. §2202. The act provides:

*Garbage disposal; penalty*

Except as otherwise specifically provided in these statutes, no person, persons, corporation or association shall establish or use a dump for any garbage, refuse, waste or rubbish in any town or incorporated village, where the use of such dump is for other than the private or personal disposal of garbage, refuse, waste or rubbish of said person, persons, corporation or association, unless a permit is first obtained from the zoning board of adjustment, selectmen, or

other appropriate governing body in said town or incorporated village. Unless it shall find that the grant of such permit shall give rise to a nuisance or that the applicant has not complied with established regulations promulgated pursuant to the authority of this section, such permit shall be issued to the applicant by said zoning board of adjustment, selectmen or other appropriate governing body.

The provisions of the preceding paragraph shall not apply to an existing use of any parcel of land now serving the purposes prohibited thereunder.

A town or incorporated village shall have the power to make, establish, alter, amend or repeal regulations for garbage and refuse disposal, and to regulate the dumping of garbage and refuse, waste and rubbish within its limits, and to impose penalties for the breach thereof, not to exceed a fine of $100.00 for each separate act of dumping. Justices of the peace and district courts shall have concurrent jurisdiction of offenses hereunder. Nothing in this section shall be construed to permit the existence of a nuisance.

As first enacted this section contained only the substance of the last paragraph of the present statute. In conferred broad powers on towns and villages to regulate garbage and refusal disposal within the limits of the municipality, with authority to impose penalties for violations. Acts of 1949, No. 80.

The act was amended in 1963 by adding the first two paragraphs of the present section. While existing facilities were specifically exempted, no new disposal unit could be established, regardless of local municipal regulations, without a permit first obtained. The grant of the permit is made contingent upon compliance with existing regulations and upon finding that the permit would not give rise to a nuisance. This provision, of course, is of first concern to the surrounding community.

In design and effect, the present statute is akin to the statutory provisions regulating municipal zoning set forth in Chapter 67 of the same title. As with the regulation of trailer parks in the succeding subchapter, the regulation of refuse disposal is in *pari materia* with the zoning statutes. *Rutland* v. *Keiffer,* 124 Vt. 357, 364, 205 A.2d 400. This is at once apparent from the exclusion provided as to existing uses and the reference to the zoning board of adjustment. In this instance the board of selectmen is the appropriate tribunal since it is conceded that the Town of Charlotte has no zoning board of adjustment. In any event, the Legislature in granting the power to determine

the facts and decide whether the grant of a permit will give rise to a nuisance, created a judicial function in the appropriate governmental agency. And the selectmen, acting in lieu of the zoning board of adjustment, were exercising quasi-judicial duties. *Thompson* v. *Smith,* 119 Vt. 488, 508, 129 A.2d 638.

In granting a permit under this section more than the interest of the applicant is involved. The interests of neighboring inhabitants and property owners are at stake, hence the requirement that the operation will not give rise to an invasion of the rights of others. Such an effect is implicit in the word "nuisance" in its legal sense. *Pilgrim Plywood Corp.* v. *Melendy,* 110 Vt. 12, 17, 1 A.2d 700. While a depository for receiving garbage and refuse, such as a landfill operation, may not be a nuisance in itself, it may develop into an unlawful use in violation of the rights of the adjoining owners. *Maynard* v. *Carey Construction Co.,* 302 Mass. 530, 19 N. E. 2d 304, 305; 66 C.J.S. Nuisances, § 49 P. 802; 39 Am. Jur. Nuisance, §94; See also Annotations, 7 A.L.R. 777, 26 A.L.R. 951; 55 A.L.R. 889.

The Town of Charlotte, as a licensing authority, would have us dismiss the petition on the strength of *Billado* v. *Control Commissioners of South Burlington,* 114 Vt. 350, 45 A.2d 430. There the petitioner resorted to mandamus to compel the issuance of a first class license to sell malt and vinous beverages. In denying mandamus the opinion by Justice Sherburne points out that when "the purpose of an administrative determination is to decide whether a privilege which an applicant does not possess, such as a license to sell intoxicating liquor, shall be granted to him or withheld in the exercise of a discretion vested by statute, notice and hearing is not necessary in the absence of an express or implied statutory provision therefor. . . . . It may be that there would be less danger of arbitrary action if a hearing were made a prerequisite, but that is a matter for legislative consideration, and not for us." *Billado* v. *Control Commissioners,* supra, 114 Vt. at 355. To the same effect is *Carousel Grill* v. *Liquor Control Board,* 123 Vt. 93, 94, 182 A.2d 336.

The plaintiffs here have a different and higher standing. They do not seek a license or a privilege at the discretion of the administrative agency. They assert the right to be heard on the issuance of a license which may adversely affect their legal rights as adjoining owners. In this posture, notice and the right to be heard are the very essence of due process. And the board of selectmen of Charlotte, as a tribunal to hear the parties, was bound to heed these requirements. *Thompson* v. *Smith,* supra, at 119 Vt. 508; *Emerson* v. *Hughes,* 117

Vt. 270, 275, 90 A.2d 910; *In re Hanrahan's Will,* 109 Vt. 108, 119, 194 Atl. 471.

■ We are not called upon to decide how the selectmen should decide the merits of the application for the permit. Our concern is solely with the question of whether the petitioners have been accorded due process in the primary sense, and whether they have had an opportunity to present their case and be heard in its support. *Brinkerhoff-Faris Trust and Savings Co.* v. *Hill,* 281 U. S. 673, 682; *Morgan* v. *United States,* 304 U.S. 1, 18. The fact that the statute fails to specifically provide for a notice and hearing does not eliminate their necessity. *Town of Maidstone* v. *Dempsey,* 103 Vt. 481, 486, 156 Atl. 387; *Bioni* v. *Haselton,* 99 Vt. 453, 457, 134 Atl. 606.

■ That the petitioners may have a remedy for injunctive relief, as the petitionees suggest, presents no obstacle in the present instance. The Legislature, in delegating the power to regulate the use of private property, intended to provide forums easily accessible to the community at large, to speak their grievances and obtain redress without resort to legal refinements and burdensome costs which might attend litigation in courts of law and equity. *Badger* v. *Rice,* 124 Vt. 82, 85, 196 A.2d. 503.

The proceedings before the selectmen of Charlotte were in a newly created tribunal, under a jurisdiction recently conferred. The judicial acts of the selectmen are not subject to appeal by other means. In this situation review may be granted by writ of certiorari to require the lower tribunal to exercise its authority within the requirements of proper notice and the right to be heard. The petition is well founded. *Davidson* v. *Whitehill,* 87 Vt. 499, 505-506, 89 Atl. 1081; *Burton* v. *Selectman of Town of Springfield,* 124 Vt. 502, 505, 208 A.2d 318.

*Petition sustained, issuance of writ ordered. The permit granted on April 4, 1965 by the board of selectmen of the Town of Charlotte to the Town of Shelburne to operate a dump in East Charlotte is vacated. If there are to be further proceedings under 24 V.S.A. §2202, let a new order for notice issue and a public hearing be held in accordance with the views expressed in the opinion. To be certified to the board of selectmen of the Town of Charlotte.*