## In re Town of Shelburne Zoning Appeal

[258 A.2d 836]

No. 57-68

Present: **Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.**

Opinion Filed October 7, 1969

*John T. Ewing,* Burlington, for Town of Shelburne.

*Latham & Eastman,* Burlington, for the Town of Charlotte.

**Smith, J.** Involved in this appeal are two questions. The first question presented is: "Do the provisions of 24 V.S.A. Sec. 2202, relating to the granting of permits for dumps, control over a local zoning ordinance which prohibits dumping except in the Charlotte town dump?" The second question presented

is: "Should the Charlotte Zoning Board of Adjustment have granted the application of the Town of Shelburne for the operation of a sanitary landfill under 24 V.S.A. Sec. 2202?"

The facts of this case are not new in this Court. The Town of Shelburne purchased a plot of land in the Town of Charlotte with an intended use of such land for a dump for the use of the Town of Shelburne. The case first appeared here on a Petition for a Writ of *Certiorari* on the ground that the Selectmen of the Town of Charlotte had granted the Town of Shelburne authority to establish the dump requested, and the writ issued on the ground, among others, that the Board of Selectmen of the Town of Charlotte had not given the notice and public hearing on the application, required by due process, to the inhabitants of the Town of Charlotte before giving the permission granted. *In re Petition St. George et al.,* 125 Vt. 408, 217 A.2d 45. At the time of the decision in *St. George,* the Town of Charlotte did not have a zoning ordinance.

Subsequent to the decision of this Court, on March 1, 1966, the Town of Charlotte adopted a zoning ordinance, at its Town Meeting. Section 4 of the thus enacted Charlotte Zoning Ordinance provides as follows:

> "All uses not permitted or authorized as special exceptions in a district are prohibited in such district. Uses prohibited in all districts are:
>
> A. Dumping or storage of trash, garbage, automobile junk or any refuse, except such activity carried on at a place as may be provided by the Board of Selectmen."

On October 10, 1967, the Town of Shelburne filed an application for the operation of a sanitary landfill dump on the land in Charlotte which had previously been purchased in Charlotte by the Town of Shelburne. The request for the permit to operate such landfill dump to the Board of Zoning Adjustment of Charlotte was made by Shelburne under 24 V.S.A. Sec. 2202.

The Board of Zoning Adjustment duly gave notice of a public hearing to be held on the Shelburne petition, but such notice stated that the meeting would be held on the question of whether the Town of Shelburne should be granted a vari-

ance under the zoning ordinance of the Town of Charlotte to establish and operate such a landfill dump.

The meeting of the Board of Zoning Adjustment on the Shelburne petition was held in Charlotte on October 31, 1967, before a large and participating audience. At this meeting, Shelburne insisted that the only question was whether the granting of a permit to the Town of Shelburne from the Board of Zoning Adjustment of the Town of Charlotte to establish a sanitary landfill dump would constitute a nuisance under the provisions of 24 V.S.A. Sec. 2202. However, the position of the Board of Adjustment of Charlotte was that the purpose of the meeting was only for their decision whether to grant a variance under the then existing Charlotte zoning ordinance. The Town of Shelburne presented evidence to the Board of Zoning Adjustment of Charlotte that the proposed landfill dump would not constitute a nuisance, which evidence included a letter from the state Board of Health approving the proposed location and management of the landfill dump.

The meeting before the Zoning Board of Charlotte came to an eventual end, after much discussion on whether the Board of Adjustment should proceed under the state law or under the zoning ordinance of the Town of Charlotte. The Board of Zoning Adjustment of Charlotte made no findings of fact, nor did it make a decision following the meeting.

However, on November 27, 1967, the Charlotte Zoning Board of Adjustment notified the Selectmen of Shelburne that it would not hear the application for the landfill dump under 24 V.S.A. Sec. 2202, since they believed that it would be proper to conduct a hearing only on the question of whether Shelburne could be granted permission for the use of land in Charlotte for dumping under the terms of the Zoning Ordinance of the Town of Charlotte. The Town of Shelburne was invited to make an application for a variance to the Charlotte Zoning Ordinance.

An appeal was taken by Shelburne to the Chittenden County Court of Chancery. That court, in its judgment order, stated Shelburne should apply to the Board of Zoning Adjustment of Charlotte for a variance from the zoning ordinance provisions of that town, and if such application for a permit was made by Shelburne, that the variance should be granted.

This Court, in *St. George, supra,* was concerned mainly with the question of whether a public and advertised hearing should have been held in Charlotte before the granting of the permit by the Selectmen of Charlotte granted the request of Shelburne to establish a dump in the former town. This Court granted a writ of *certiorari* to the petitioners in the *St. George* case so that such hearing could be held, and vacated the permit previously granted by the Selectmen of Charlotte. In the opinion, written by Chief Justice Holden, it was stated:

> "In design and effect, the present statute is akin to the statutory provisions regulating municipal zoning set forth in Chapter 67 of the same title. As with the regulation of trailer parks in the succeding (sic) subchapter, the regulation of refuse disposal is in *Pari materia* with the zoning statutes."

The statute upon which Shelburne seeks a permit from the Charlotte Board of Zoning Adjustment is 24 V.S.A. Sec. 2202, which provides:

> "Garbage Disposal; penalty
>
> Except as otherwise specifically provided in these statutes, no person, persons, corporation or association shall establish or use a dump for any garbage, refuse, waste or rubbish in any town or incorporated village, where the use of such dump is for other than the private or personal disposal of garbage, refuse, waste or rubbish of said person, persons, corporation or association, unless a permit is first obtained from the zoning board of adjustment, selectmen or other appropriate governing body in said town or incorporated village. Unless it shall find that the grant of such permit shall give rise to a nuisance or that the applicant has not complied with established regulations promulgated pursuant to the authority of this section, such permit shall be issued to the applicant by said zoning board of adjustment, selectmen or other appropriate governing body.
>
> The provisions of the preceding paragraph shall not apply to an existing use of any parcel of land now serving the purposes prohibited thereunder."

The ordinance of the Town of Charlotte, in effect, prohibits all dumps in that town except those provided by the Board of

Selectmen. It is not in any sense a setting up of regulations for dumps or dumping. Stated in other language, it is an ordinance which is "prohibitory rather than a regulatory measure."

An ordinance which is "prohibitory rather than a regulatory measure" was held to be unconstitutional and void in the case of *Vermont Salvage Corp.* v. *St. Johnsbury,* 113 Vt. 341, 353, 354, 34 A.2d 188.

We note that in *St. George* this Court's order was:

"If there are to be further proceedings under 24 V.S.A. Sec. 2202, let a new order for notice issue and a public hearing be held in accordance with the views expressed in the opinion."

This order has not been complied with by the Zoning Board of Adjustment of the Town of Charlotte, for on the application by Shelburne under 24 V.S.A. Sec. 2202 the meeting warned, and held, was on granting Shelburne a variance under the local ordinance, and not a hearing under the provisions of the statute.

The provision in 24 V.S.A. Sec. 2202 made mandatory the granting of the permit requested, "unless it shall find that the granting of such permit shall give rise to a nuisance or that the applicant has not complied with established regulations promulgated pursuant to the authority of this section . . . ."

The determination of a zoning board of adjustment or other appropriate governing body in determining whether the permit sought will constitute a nuisance is narrowed considerably by the more recently enacted 24 V.S.A. Sec. 2201a, effective as of July 1, 1969, which provides in part:

"Each town and city shall provide and maintain sanitary landfills, incinerators or both as the exclusive sites and means for disposal of garbage and refuse, subject to the regulations established by the department of health."

In the instant case we have had an application made by the Town of Shelburne for a sanitary landfill dump, upon property owned by such town, even though such location is within the geographical limits of Charlotte. Further, evidence was introduced showing full approval of such site and manner of dump-

ing from the department of health. A dump of the nature proposed in the permit which Shelburne has sought, and with the approval of the department of health, could not be considered a nuisance in the light of this section, which is now in full force and effect, in the absence of other evidence.

It is, of course, true that 24 V.S.A. Sec. 2201a was not in effect at the time of the original petition from Shelburne to Charlotte for a permit to establish a dump in the latter town. Nor, if a hearing had been held by the Board of Zoning Adjustment of Charlotte on the petition under 24 V.S.A. Sec. 2202 of Shelburne, rather than the one that was warned for the purpose of granting a variance, would 24 V.S.A. Sec. 2201a have been applicable, at the time of such hearing?

However, because as we will later see a new hearing must be held by the Charlotte Zoning Board of Adjustment on the application for the permit from Shelburne, Sec. 2201a can be of real aid, and possibly conclusive, to the Board of Zoning Adjustment of Charlotte when it determines the question presented for their quasi-judicial determination of whether the granting of such permit will constitute a nuisance. This is so because at the time of such determination, 24 V.S.A. Sec. 2201a will then be in full force and effect.

We have no hesitation in answering the first question presented to us by declaring that the provisions of 24 V.S.A. Sec. 2202, relating to the granting of permits, control over the local zoning ordinance of the Town of Charlotte, which imposes only a prohibition against dumping, except in specified places, but imposes no regulations on the control and regulation of the dumping that takes place.

This Court, in St. George, supra, held that 24 V.S.A. Sec. 2202 was "in pari materia" with the zoning law. "When the regulations made under the authority hereof differ from those prescribed by statute, ordinance or other regulation, that provision which imposes the greater restriction or the higher standard shall govern." 24 V.S.A. 3025.

The regulations imposed by 24 V.S.A. Sec. 2202 contain far higher standards and greater restrictions on the dumping of refuse than are found in the zoning ordinance of Charlotte on the same subject, which is merely prohibitory in nature and of

dubious validity, with a complete absence of regulations for the control of dumping of refuse.

■ On the second question before us, as we trust has been made clear, no hearing was ever held by the Zoning Board of Adjustment on the petition of the Town of Shelburne which requested a permit under 24 V.S.A Sec. 2202. While a final decision on this whole matter might be helpful to all parties concerned, it cannot be made in this Court.

It is the Board of Zoning Adjustment of the Town of Charlotte which is given the quasi-judicial authority to determine whether a nuisance would be created if the petition of Shelburne was granted, and such determination requires a new hearing by that governmental agency upon the petition which was presented to it by the Town of Shelburne under 24 V.S.A. Sec. 2202.

*The Judgment Order of the Chittenden County Court of Chancery is reversed, and the cause is remanded to the Zoning Board of Adjustment of the Town of Charlotte to follow the proper procedure under the light of the views expressed in this opinion.*