### Shirley T. Burroughs v. West Windsor Board of School Directors

[420 A.2d 861]

No. 208-79

Present: **Barney, C.J., Daley, Larrow, Billings and Hill, JJ.**

September 8, 1980

*Gary H. Barnes* and *Debra A. Martin* of *Downs, Rachlin & Martin*, South Burlington, for Plaintiff.

*Jerome I. Meyers*, Weathersfield, and *Black & Plante, Inc.*, White River Junction, for Defendant.

**Billings, J.** This case arises out of the nonrenewal of the plaintiff as a teacher in an elementary school of the defendant board. After a hearing before the defendant board, the plaintiff filed a petition for extraordinary relief below. On the basis of the hearing record, both parties filed motions for summary judgment. V.R.C.P. 56. The trial court ruled in favor of the defendant on the sole legal issue presented.

The legal issue raised below and appealed here by the plaintiff is whether at the hearing conducted pursuant to 16 V.S.A. § 1752(b) the burden of establishing "just and sufficient" cause for the nonrenewal of a teacher's contract of employment lies with the school board. The trial court held that because this subsection sets forth a self-contained procedure, the require-

ments imposed on cases arising under 16 V.S.A. § 1752(c)–(j) are not applicable to it. It also determined that the due process requirements recognized by this Court in license suspension cases, see *Vermont Real Estate Commission* v. *Martin,* 132 Vt. 309, 318 A.2d 670 (1974), might well apply in a proceeding pursuant to subsection (c), but would not apply to nonrenewal cases under subsection (b).

Subsection (b) is a 1975 addition to the procedures and conditions of teacher employment in this state. 1975, Act No. 79, § 1. It sets forth the following procedural rights: the right to written notice of the grounds for nonrenewal; the right to a hearing; the right to present evidence; the right to counsel; the right to executive session of the board; the right to a written decision within a time certain. These rights substantially parallel the rights accorded a teacher who is suspended or dismissed pursuant to subsection (c) as provided by subsections (d)–(h), (j). The only significant difference relevant in the instant case is that subsections (c) and (j) provide expressly for the participation of the superintendent, while subsection (b) does not.

From this omission, the court below determined that the legislature intended that no prosecutorial function was assigned to the superintendent under subsection (b), the existence of which has been recognized in administrative hearings, similar to those under subsections (c)–(j), for the suspension of licenses pursuant to 3 V.S.A. §§ 801–816. See *Vermont Real Estate Commission* v. *Martin, supra.* It concluded, therefore, that, while subsection (b) specifies notice of the "just and sufficient cause" for nonrenewal and permits the teacher a hearing, as required under the due process clause of the Fourteenth Amendment to the United States Constitution and the cases of *Board of Regents* v. *Roth,* 408 U.S. 564 (1972), and *Perry* v. *Sindermann,* 408 U.S. 593 (1972), no allocation of the burden of persuasion to the superintendent was intended by the legislature or required by the constitution.

This construction fails to account for the effect of 16 V.S.A. § 1752(m) which states that "[e]very teacher's contract shall be deemed to contain the provisions of this statute . . . ." It is clear that prior to the addition of subsection (b) a teacher in the position of the plaintiff without express or im-

plied tenure "had no contractual or statutory right to have his contract renewed." *Fairchild* v. *West Rutland School District,* 135 Vt. 282, 285, 376 A.2d 28, 30 (1977). Subsection (b), by virtue of subsection (m), gives every teacher a contractual and statutory right to renewal except for "just and sufficient cause."

 Whether this right is a property interest depends upon state law. *Board of Regents* v. *Roth, supra,* 408 U.S. at 577. See also *Bishop* v. *Wood,* 426 U.S. 341, 343–47 (1976); *Arnett* v. *Kennedy,* 416 U.S. 134, 151–52 (1974); *Perry* v. *Sindermann, supra,* 408 U.S. at 602 n.7. The construction of state law is not unfettered; however, " 'property' interests subject to procedural due process protection are not limited by a few rigid, technical forms." *Perry* v. *Sindermann, supra,* 408 U.S. at 601. They include interests arising out of "existing rules or understandings," *Board of Regents* v. *Roth, supra,* 408 U.S. at 577, rather than "the wooden distinction between 'rights' and 'privileges,' " *id.* at 571. But see, *In re Petition of St. George,* 125 Vt. 408, 412, 217 A.2d 45, 48 (1966).

 While this Court has held that when certain "liberty" interests are at issue in proceedings under 16 V.S.A. § 1752, the constitutional safeguards of due process attach, *In re Petition of Davenport,* 129 Vt. 546, 554, 283 A.2d 452, 455–56 (1971), we have not yet determined whether a "property" interest may attach to a teaching position the nonrenewal of which is subject to the provisions of 16 V.S.A. § 1752(b). Our determination in *Fairchild* v. *West Rutland School District, supra,* 135 Vt. at 284, 376 A.2d at 30, that there was no right of renewal prior to the enactment of subsection (b) was premised on the absence of any renewal provision in the contract or collective bargaining agreement under consideration. The federal court, however, has found that under Vermont law the custom and usage associated with the employment contract of a teacher which provided for renewal so long as his work was "satisfactory" created a "property interest" in continued employment absent "sufficient cause" for nonrenewal. *Bowles* v. *Robbins,* 359 F. Supp. 249, 255 (D. Vt. 1973). We concur in that determination and hold that 16 V.S.A. § 1752(b) was intended by the legislature to make such an interest a statutory norm for all Vermont teachers.

Having ascertained the existence of this property interest, it is clear that procedural due process rights attach. See *Perry* v. *Sindermann, supra,* 408 U.S. at 599. While it is apparent that these rights do not always include the full panoply of rights associated with a criminal proceeding, see *Arnett* v. *Kennedy, supra,* 416 U.S. at 151, the limitation on their application must be so inextricably woven into the statutory language creating the right that only discrete parsing could sever the two aspects of the statute, *id.* at 152. 16 V.S.A. § 1752(b) is a self-contained set of procedures governing the nonrenewal of teachers. The procedures and the rights they create do not, however, limit the distinct requirement that nonrenewal be based upon "just and sufficient cause" or indicate that the conduct of the hearing shall be maintained with anything less than those procedural due process rights associated with other hearings under the section.

The hearings provided by 16 V.S.A. § 1752 must be "full, fair and impartial," whether pursuant to subsections (e)–(j), *In re Petition of Davenport, supra,* 129 Vt. at 555, 283 A.2d at 456, or subsection (b). Cf. *In re Grievance of Brooks,* 135 Vt. 563, 568–69, 382 A.2d 204, 208 (1977) (fair and open "just cause" hearing required pursuant to 3 V.S.A. § 901); *Vermont Real Estate Commission* v. *Martin, supra,* 132 Vt. at 311, 318 A.2d at 672 (license revocation pursuant to 3 V.S.A. §§ 801–816 "is subject to the essentials of due process"); *Petition of Green Mountain Power Corp.,* 131 Vt. 284, 293, 305 A.2d 571, 577 (1973) ("[T]he essentials of due process must be met" in administrative hearings).

As recognized in *Vermont Real Estate Commission* v. *Martin, supra,* 132 Vt. at 312, 318 A.2d at 672–73, these essentials of due process include the right to have the burden of persuasion cast upon those who would terminate the right under consideration. In this case, the district had the burden of establishing "just and sufficient cause" for the nonrenewal of the plaintiff under 16 V.S.A. § 1752(b). The trial court's conclusion that the concept of burden of proof has no place in section 1752(b) proceedings is error.

In exercising its powers pursuant to V.R.C.P. 56, the trial court incorrectly concluded that 16 V.S.A. § 1752(b) required no allocation of burden of proof, and finding no issues of fact

in dispute relative to this question granted summary judgment. Because we reverse the court on this legal issue, we remand the case for a determination of whether factual issues exist as plaintiff claims. See *Bennett Estate* v. *Travelers Insurance Co.*, 138 Vt. 189, 191, 413 A.2d 1208, 1209 (1980); *Fonda* v. *Fay*, 131 Vt. 421, 422, 306 A.2d 97, 98 (1973) (per curiam).

*Reversed and remanded.*