446 A.2d 377 (1982)
Shirley T. BURROUGHS
v.
WEST WINDSOR BOARD OF SCHOOL DIRECTORS.
No. 88-81.
Supreme Court of Vermont.
April 23, 1982.
*378 James S. Suskin, Vermont Educ. Ass'n, Montpelier, for plaintiff.
Plante, Richards, Terino & Hanley, White River Junction, and Jerome I. Meyers, Springfield, for defendant.
Before BARNEY, C. J., and BILLINGS, HILL, UNDERWOOD and PECK, JJ.
BILLINGS, Justice.
This is the second time this case has been before this Court. The sequence of events resulting in the present appeal began when the plaintiff was notified her teaching contract would not be renewed. She requested a hearing pursuant to 16 V.S.A. § 1752(b) before the West Windsor Board of School Directors. At the hearing the plaintiff claimed that the school district had the burden of establishing that they had "just and sufficient cause," 16 V.S.A. § 1752(b), for her nonrenewal. The school district claimed the plaintiff had the burden of establishing a lack of cause for nonrenewal. The school board ruled that the burden of going forward was on the plaintiff, which burden she was not prepared to meet, hence no evidence was submitted at the hearing on the issue of just and sufficient cause. After the hearing the school board affirmed the nonrenewal of plaintiff's contract.
*379 Subsequently the plaintiff brought a petition for extraordinary relief in the Windsor Superior Court requesting the court vacate the school board's decision to not renew her contract. Both parties filed motions for summary judgment, and the trial court, after finding there were no factual issues, ruled that the burden of persuasion was on the plaintiff. This Court reversed, holding that a teaching contract is a property right requiring a due process hearing at which the burden of establishing just and sufficient cause for nonrenewal is upon the school district. Burroughs v. West Windsor Board of School Directors, 138 Vt. 575, 579, 420 A.2d 861, 864 (1980). We remanded the case for a finding on whether there were any factual issues remaining in light of our decision. The trial court, after a status conference with the parties, remanded it to the school board for a new hearing without making an explicit finding as we instructed. The plaintiff claims this was error, and if we so find, we can decide this case on the merits based on the record before us. We disagree.
Judging from the briefs, there seems to be some confusion on the part of the parties as to exactly what was before the trial court and what is before us now. The plaintiff originally brought a petition for extraordinary relief seeking review of governmental action. The extraordinary writs reviewing governmental action have been abolished, however, by V.R.C.P. 81(b). Rule 81 provides that "[r]eview of any action or failure or refusal to act by a governmental agency shall be in accordance with the procedure prescribed by Rule 74 or 75, as appropriate." V.R.C.P. 81(b). Rule 74 is inapplicable because review in this case is not provided for by statute, and the Administrative Procedures Act, 3 V.S.A. §§ 801-847, does not apply to school boards, 3 V.S.A. § 801(b)(1) and (2). Thus, the jurisdictional basis for plaintiff's petition for extraordinary relief, although not explicitly cited by her, is Rule 75, which provides for review in cases not appealable under Rule 74.
Review under Rule 75, however, is available only "if such review is otherwise available by law." V.R.C.P. 75(a). The reporter's notes to Rule 75 explain what is meant by this language: "Rule 75(a) . . . does not purport to say what determinations are reviewable, but provides a procedure applicable whenever county court review is provided by the particular statute establishing an agency or is available as a matter of general law by proceedings in the nature of certiorari, mandamus, or prohibition." V.R. C.P. 75 reporter's notes at 195 (1971). The reporter's notes also state that "Rule 75(d) leaves to specific statute or prior practice the questions whether review in a given case is de novo and whether trial is to be to a jury." Id. at 196. There being no statute on point we must look to prior practice to determine the scope of review available to the plaintiff in its Rule 75 petition to the superior court.
This Court has held that review of school board decisions under 16 V.S.A. § 1752 may be obtained by a writ of certiorari as provided by 4 V.S.A. § 2(b). In re Davenport, 129 Vt. 546, 554, 283 A.2d 452, 455 (1971). The plaintiff's case, therefore, is properly viewed as a petition to the superior court for review under Rule 75 in the nature of a writ of certiorari.
Review by certiorari, however, is not the same as that of an ordinary appeal. It is limited to a review of judicial action by inferior courts and tribunals and confined to substantial questions of law affecting the merits of the case. State v. District Court, 129 Vt. 212, 213, 274 A.2d 685, 685-86 (1971). Accordingly, the plaintiff was not entitled to a de novo review by the superior court. In a Rule 75 petition for review of school board renewal decisions, the superior courts have jurisdiction in the nature of an appellate court only. See id.; In re Davenport, supra. We do not decide, by this decision, whether an original action (e.g., contract or declaratory judgment) could have been brought by the plaintiff. We simply hold that the action the plaintiff did bring was for review under Rule 75 and such review of school board decisions is *380 limited. If on remand from this Court, the superior court found there were factual issues requiring a hearing, it was required to remand the case to the West Windsor School Board. See State v. District Court, supra, 129 Vt. at 215, 274 A.2d at 687.
This is exactly what the superior court did. Although it was error for the court to ignore our instruction to make an explicit finding on whether there were factual issues, Halpern v. Kantor, 139 Vt. 365, 367, 428 A.2d 1132, 1134 (1981), that error was harmless. Logic dictates that implicit in such a remand is the finding that there were factual issues in need of a hearing. Otherwise, there would be no reason to remand.
Having decided that the superior court did not err, we need not reach the issue of whether we can decide the merits of this case on appeal. We note, however, that the factual issue of whether the school district had just and sufficient cause to not renew plaintiff's contract has not yet been tried and decided. Therefore, the remand by the superior court was entirely consistent with our previous decision in this case, which held that the school board is to provide a due process hearing to determine if there was just and sufficient cause for the nonrenewal. Burroughs v. West Windsor Board of School Directors, supra.
Affirmed.