Floyd R. WRIGHT, Jr., d/b/a George's Package Store, Appellant,

v.

OKLAHOMA ALCOHOLIC BEVERAGE CONTROL BOARD, Appellee.

No. 45910.

Supreme Court of Oklahoma.

Sept. 18, 1973.

Rehearing Denied Oct. 9, 1973.

**246**

Ivester, Ivester & Ivester, Sayre, for appellant.

Larry Derryberry, Atty. Gen., Steven E. Moore, Asst. Atty. Gen., Oklahoma City, for appellee.

BERRY, Justice:

The sole issue presented herein is whether the District Court erred in affirming the order of Oklahoma Alcoholic Beverage Control Board refusing to renew appellant's license to operate a retail package liquor store in Texola, Oklahoma, on the ground the town is inhabited by less than 200 persons.

Article XXVII, § 4, Oklahoma Constitution provides in part:

"Retail sales of alcoholic beverage shall be limited to the original sealed package, by privately owned and operated package stores, in cities and towns having a population in excess of two hundred."

37 O.S.1971 § 537(c)(4), provides:

"No license to operate a retail package store shall issue unless such store shall be located in a city or town having a population in excess of two hundred (200) according to the 1950 Federal Decennial Census or any succeeding Federal Decennial Census."

37 O.S.1971 § 527(a)(10), provides:

"The Board shall refuse to issue a * * * package store license * * * or * * * renewal application, if it has reasonable grounds to believe and finds any of the following to be true:

"(10) That the applicant, in the case of an application for renewal of any license, would not be eligible for such license on a first application;"

At a hearing held before the Board's Director on July 23, 1971, the Board introduced the 1970 Federal Decennial Census figures showing the population of Texola to be 144. Appellant introduced no contrary evidence. Based upon this evidence the Director issued an order refusing to renew appellant's license and the Board affirmed the Director's order. Appellant then sought judicial review. The District

Court remanded the case to the Board to allow appellant to introduce additional evidence, and at a hearing on April 19, 1972, appellant introduced evidence showing the population of Texola to be 149. The District Court then affirmed the Board's order refusing to renew appellant's license and appellant appeals.

Appellant contends the population factor set forth in the Constitution is arbitrary and the trial court erred in failing to give equitable consideration to appellant's position, and in failing to consider that appellant has invested years of his life and his money in the establishment and development of his business, has committed no overt act which would justify revocation of his license, and his license has been in effect for a sufficient length of time, based upon appellant's monetary investment, to create a property right in the license which could not be terminated without just cause and due process of law.

In Polk v. Oklahoma Alcoholic Beverage Control Board, Okl., 420 P.2d 520, we affirmed an order of the Board refusing to renew a license under similar circumstances, stating:

> "The plain intention of the people, in adoption of the Amendment, was to prohibit the sale of alcoholic beverages in communities or hamlets too small to provide adequate local supervision and police protection. To accomplish this it was necessary to adopt an arbitrary population factor, and provide for issuance of retail package store licenses only in localities having a population in excess of 200 persons. * * *"

In McCurtain County Excise Board v. St. Louis-San Francisco Railway Co., Okl., 340 P.2d 213, we held in paragraph 2 of the syllabus:

> "If the words of a subdivision of a section of the Constitution convey a definite meaning, which involves no absurdity nor any contradiction of other parts of the subdivision, then that meaning, apparent on the face of the instrument, must be accepted and the courts have no right to add to it or take from it."

The language of the quoted constitutional provision clearly provides "Retail sales of alcoholic beverage shall be limited to * * * stores, in cities and towns having a population in excess of 200."

If appellant's position is upheld retailers, once licensed, will be entitled to renewal, regardless of the population of the town where the store is located, while new licenses will not be issued in larger towns which do not have a population of 200 persons. This is an unreasonable construction of the constitutional provision.

In In re Murphy's Appeal, 184 Kan. 291, 336 P.2d 411, the Kansas court affirmed an order denying a license renewal in similar circumstances, holding:

> "One does not acquire a vested right, merely because once licensed, to continue in a business, trade or occupation which is subject to legislative control and regulation under the police power of the state."

Certainly this is a hardship case and results from no act or wrongdoing of appellant. However, the constitutional provision was in effect when appellant first acquired his license, its language is clear and we are bound by it. McCurtain County Excise Board v. St. Louis-San Francisco Ry. Co., supra.

Affirmed.

All Justices concur.