Dear State Senator Patrick Anderson,
¶ 0 This office has received your requests for an official Attorney General Opinion in which you ask, in effect, the following questions:
1. The recently enacted immigration law, titled the Oklahoma Taxpayerand Citizens Protection Act of 2007 ("Act"), requires every state agencyor political subdivision of the State to verify the lawful presence inthe United States of all natural persons fourteen years of age or olderwhen they apply for a State or local public benefit. Under the Act,specifically 56 O.S.Supp. 2007, § 71(A), does the phrase "state or localpublic benefits" include professional and commercial licenses?
 2. If the answer to Question 1 is yes, is every natural person fourteenyears of age or older and physically present in the United States, whoapplies for a professional or business license in the State of Oklahoma,required to execute an affidavit to verify that the person is a UnitedStates citizen or lawfully present in the United States, even ifpreviously licensed prior to enactment of 56 O.S.Supp. 2007, § 71?
 3. If the answer to question 2 is yes, must the recipient of a licensealso provide this affidavit at each renewal?
 4. Upon receipt of an affidavit executed by an applicant under 56O.S.Supp. 2007, § 71(D), is the state agency or politicalsubdivision required to verify the affidavit through the Systematic AlienVerification of Entitlements ("SAVE") Program or its equivalent inaccordance with 56 O.S.Supp. 2007, § 71(E)?
 5. Under the provisions of 56 O.S.Supp. 2007, § 71, must a state boardor agency that issues licenses in the State of Oklahoma require that, inaddition to the affidavit, the recipient of the license provide proof ofcitizenship?
¶ 1 The statute in question requires verification of lawful presence in the United States for certain recipients of State or local benefits. You ask, in essence, whether this verification requirement applies to those who seek to obtain business and professional licenses. Specifically, your questions pertain to Section 8 of House Bill 1804, which is known as the Oklahoma Taxpayer and Citizen Protection Act of 2007. See 2007 Okla. Sess. Laws ch. 112. House Bill 1804 was signed into law on May 8, 2007, and most provisions under the Act, including Section 8, became effective November 1, 2007. Id. Section 8 is codified as Section 71 of Title 56 and contains the provisions dealing with public benefits and the verification of immigration status. The legislative purpose of this Act is included in Section 2 of House Bill 1804 and states, "The State of Oklahoma finds that illegal immigration is causing economic hardship and lawlessness in this state and that illegal immigration is encouraged when public agencies within this state provide public benefits without verifying immigration status." Id. § 2 (not codified in the Oklahoma Statutes).
¶ 2 With this legislative purpose as a backdrop to answering your questions, this statute can be examined in two parts. First, what an applicant for a public benefit is required to do to obtain that benefit. Then, what a state agency or political subdivision must do to comply with the law's requirements to verify the applicant's lawful presence in the United States.
 I. Every Natural Person Fourteen Years of Age or Older WhoIs Physically Present in the United States and Applies For a Professional or Business License in the State of Oklahoma Must Complete An Affidavit Verifying His or Her Lawful Presence in the United States.
¶ 3 Title 56 of Section 71 applies to any natural person in the United States who is fourteen years of age or older who applies for a professional or business license from a state agency or political subdivision. The pertinent language of that section states:
 A. Except as provided in subsection C[1] of this section or where exempted by federal law, every agency or a political subdivision of this state shall verify the lawful presence in the United States of any natural person fourteen (14) years of age or older who has applied for state or local public benefits, as defined in 8 U.S.C., Section 1621, or for federal public benefits, as defined in 8 U.S.C., Section 1611, that is administered by an agency or a political subdivision of this state.
Id. (emphasis added) (footnote added). The requirements of this subsection are triggered when an application for a "state or local public benefit" is applied for by:
 a "natural person,"
 fourteen years of age or older, who is
 physically present in the United States.
A. Definition of a "Natural Person"
¶ 4 A "natural person" is "a human being as distinguished in law from an artificial or juristic person." Webster's Third New International Dictionary 1507 (3d ed. 1993).[2] See also Massongill v. McDevitt,828 P.2d 438, 439 (Okla.Civ.App. 1989) ("A corporation is not a natural person. It is an artificial entity created by law."). The phrase "natural person" is used throughout the Oklahoma statutes, usually in contrast to other types of "persons." See 21 O.S. 2001, § 105[21-105] ("The word `person' includes corporations, as well as natural persons."); 54 O.S.2001, § 302[54-302](11)[3] ("`Person' means a natural person, partnership, domestic or foreign limited partnership, trust, estate, association or corporation[.]"); 63 O.S. 2001, § 4002[63-4002](27) ("`Person' means a natural person, partnership, corporation, association, trust, estate or other legal entity[.]") Thus, this section does not apply to corporations, or any other "artificial person," such as partnerships, limited liability companies, associations or trusts. On the other hand, the owner of a sole proprietorship who obtains a professional or commercial license would come under the requirements of this statute.[4]
 This Court has long held that in the case of a sole proprietorship, the firm name and the sole proprietor's name are but two names for one person. . . . The individual who does business as a sole proprietor under one or several names remains one person, personally liable for all his obligations.
Bishop v. Wilson Quality Homes, 986 P.2d 512, 514-15 (Okla. 1999) (citation omitted).
B. Definition of a "State or Local Public Benefit"
¶ 5 Section 71(A) of Title 56 defines "state or local public benefits" as those defined in Section 1621 of Title 8 of the United States Code. This federal statute states, in pertinent part:
 (c) "State or local public benefit" defined
 (1) Except as provided in paragraphs (2) and (3), for purposes of this subchapter the term "State or local public benefit" means —
 (A) any grant, contract, loan, professional license, or commercial license provided by an agency of a State or local government or by appropriated funds of a State or local government; and
 (B) any retirement, welfare, health, disability, public or assisted housing, postsecondary education, food assistance, unemployment benefit, or any other similar benefit for which payments or assistance are provided to an individual, household, or family eligibility unit by an agency of a State or local government or by appropriated funds of a State or local government.
 (2) Such term shall not apply —
 (A) to any contract, professional license, or commercial license for a nonimmigrant whose visa for entry is related to such employment in the United States, or to a citizen of a freely associated state, if section 141 of the applicable compact of free association approved in Public Law 99-239 or 99-658 (or a successor provision) is in effect;
 (B) with respect to benefits for an alien who as a work authorized nonimmigrant or as an alien lawfully admitted for permanent residence under the Immigration and Nationality Act qualified for such benefits and for whom the United States under reciprocal treaty agreements is required to pay benefits, as determined by the Secretary of State, after consultation with the Attorney General; or
 (C) to the issuance of a professional license to, or the renewal of a professional license by, a foreign national not physically present in the United States.
 (3) Such term does not include any Federal public benefit under section 1611(c) of this title.
Id. (emphasis added) (citation omitted).[5]
¶ 6 The terms "professional license" and "commercial license" are not otherwise defined within the federal statutes. "A fundamental canon of statutory construction is that, unless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning."Perrin v. United States, 444 U.S. 37, 42 (1979). "License" is defined as "a right or permission granted in accordance with law by a competent authority to engage in some business or occupation, to do some act, or to engage in some transaction which but for such license would be unlawful." Webster's Third New International Dictionary 1304 (3d ed. 1993).[6] The common meaning of "professional" is "of, relating to, or characteristic of a profession or calling." Id. at 1811. The common definition of "commercial" is "of, in, or relating to commerce."Id. at 456.
¶ 7 It is also important to point out that the term "state or local public benefit" does not apply to any professional license issued to a foreign national who is not physically present in the United States.8 U.S.C. § 1621(c)(2)(C) (Westlaw 2008). Thus, the "benefits" referred to in Section 71 of Title 56 include any right or permission granted to engage in a business, profession or occupation by any agency or political subdivision of the State of Oklahoma to an individual, fourteen years of age or older, who is physically present in the United States.
C. Applicant Requirements
¶ 8 An applicant for licensure covered by this statute must verify his or her lawful presence in the United States. The requirements for providing this verification are contained within subsection D of Section 71 of Title 56. This subsection states:
 D. Verification of lawful presence in the United States by the agency or political subdivision required to make such verification shall require that the applicant execute an affidavit under penalty of perjury that:
 1. He or she is a United States citizen; or
 2. He or she is a qualified alien under the federal Immigration and Nationality Act and is lawfully present in the United States.
 The agency or political subdivision providing the state or local public benefits shall provide notary public services at no cost to the applicant.
Id. (emphasis added). Thus, one of two types of an affidavit must be completed — either an affidavit that attests that the applicant is a United States citizen or one that attests that the applicant is a qualified alien who is lawfully within the United States.[7]
¶ 9 Additionally, as Oklahoma courts have often held, the use of the word "shall" leaves no discretion for state agencies or political subdivisions to waive obtaining requirements of verification of lawful presence, particularly since it is addressed to public officials and concerns a public policy.
 In common, or ordinary parlance, and in its ordinary signification, the term "shall" is a word of command, and one which has always, or which must be given a compulsory meaning; [sic] as denoting obligation. It has a peremptory meaning, and it is generally imperative or mandatory. It has the invariable significance of excluding the idea of discretion, and has the significance of operating to impose a duty which may be enforced, particularly if public policy is in favor of this meaning or when addressed to public officials, or where a public interest is involved, or where the public or persons have rights which ought to be exercised or enforced, unless a contrary intent appears; but the context ought to be very strongly persuasive before it is softened into a mere permission, * * *
State ex rel. Ogden v. Hunt, 286 P.2d 1088, 1090 (Okla. 1955) (quotingPeople v. O'Rourke, 13 P.2d 989, 992 (Cal.Ct.App. 1932) (emphasis added); see also Sneed v. Sneed, 585 P.2d 1363, 1364 n. 2 (Okla. 1978) (pointing out that the court previously defined the word "shall" inHunt and quoting this definition).
¶ 10 Notwithstanding the above, "public benefits" can be provided to ineligible aliens under the federal statute, but only through enactment of a state statute that "affirmatively provides for such eligibility."8 U.S.C. § 1621(d) (Westlaw 2008). However, no Oklahoma statute currently exists that affirmatively provides for this eligibility for obtaining a professional or commercial license. Moreover, Oklahoma's statute expressly provides that no public benefits be given to ineligible aliens. 56 O.S.Supp. 2007, § 71[56-71](H) ("It shall be unlawful for any agency or a political subdivision of this state to provide any state, local, or federal benefit, as defined in 8 U.S.C., Section 1621, or8 U.S.C., Section 1611, in violation of the provisions of this section."). Thus, 56 O.S.Supp. 2007, § 71[56-71] requires an agency or political subdivision to obtain this verification of lawful presence in the United States to ensure that benefits are not provided to ineligible applicants.
 II. An Affidavit Must Be Completed Whenever a "Natural Person," Fourteen Years of Age or Older, and Physically Present inthe United States Applies For a "State or Local PublicBenefit."
¶ 11 You also asked how often this affidavit must be completed. The answer to this depends upon when the application is made. In other words, is the application made at every renewal of a license or only upon the original application? "Application," "applicant," and "renewal" are not otherwise defined in Section 71 of Title 56. When a term is not specifically defined, the common meaning of the term is used. SeeHumphries v. Lewis, 67 P.3d 333, 335 (Okla. 2003) ("Where the language of a statute is clear and unambiguous, the language will be given its plain meaning."). Webster's defines an application as an "appeal, request, petition" and an applicant as "one who applies for something: one who makes a usu[ally] formal request esp[ecially] for something of benefit to himself." Id. at 105 (emphasis added). Clearly, a benefit is conferred upon the issuance of a license following an original application for a business or commercial license and an affidavit must be completed to prove one's eligibility for the benefit.
¶ 12 Generally, however, a renewal is an extension of a previously given benefit. "Renew" is defined in Webster's as "to grant or obtain an extension of: continue in force for a fresh period." Id. at 1922 (emphasis added). Once an applicant for a license, whether new or renewal, has complied with the requirements for obtaining that license, "then the issuing officer or agency has no discretion to refuse a license for causes not set out in . . . governing legislation." Elk Cityv. Estes, 261 P.2d 882, 884 (Okla. 1953).
¶ 13 Section 71 of Title 56 states that it is "unlawful" to provide any benefit to someone in violation of this section. Id. § 71(H). Therefore, an agency or political subdivision must ensure that a license is not renewed for an ineligible alien. For United States citizens, affidavits at every renewal would be unnecessary for determining continued eligibility under Section 71 of Title 56.[8] Thus, an agency or political subdivision is not required to obtain an affidavit with every renewal license application from a United States citizen who has previously completed an affidavit. On the other hand, the eligibility status of a "qualified alien" is subject to change and could render the alien no longer "lawfully present in the United States." Consequently, a "qualified alien" must complete a new affidavit of lawful presence in the United States with each renewal application for licensure in order to determine continued eligibility for "public benefits."
 III. State Agencies and Political Subdivisions Are Required To Verify Affidavits of Applicants Who State That They Are Qualified Aliens.
¶ 14 A state agency or political subdivision must verify the eligibility of benefits for an applicant who states that he or she is a qualified alien. Subsection E of Section 71 of Title 56 provides:
 For any applicant who has executed the affidavit described in paragraph 2 ofsubsection D of this section, eligibility for benefits shall be verifiedthrough the Systematic Alien Verification forEntitlements (SAVE) Program operated by the United States Department of Homeland Security or an equivalentprogram designated by the United States Department of Homeland Security. Until such eligibility verification is made, the affidavit may be presumed to be proof of lawful presence for the purposes of this section.
Id. (emphasis added).
¶ 15 According to the website of the United States Citizenship and Immigration Services ("USCIS"), "[t]he Systematic Alien Verification for Entitlements (SAVE) Program is an intergovernmental information-sharing initiative designed to aid eligibility workers in determining anon-citizen applicant's immigration status, and thereby ensure that only entitled non-citizen applicants receive Federal, state, or local public benefits and licenses." United States Citizenship and Immigration Services, http://www.uscis.gov/portal/site/uscis[9] (last visited June 17, 2008). The SAVE Program is only for determining eligibility of applicants who have stated that they are "qualified aliens" and "lawfully present in the United States." 56 O.S.Supp. 2007, § 71[56-71](D)(2). An agency is not required to verify United States citizenship under this subsection. In addition, under this statute, a state agency or political subdivision is not required to obtain copies of immigration documents from "qualified aliens," other than what SAVE might require for verifying that person's eligibility for benefits. Id.; see also
http://www.uscis.gov/portal/site/uscis.
¶ 16 Consequences exist for falsifying the affidavit to obtain a license when the applicant is, in fact, not a United States citizen or a qualified alien. Subsection F states:
 Any person who knowingly and willfully makes a false, fictitious, or fraudulent statement of representation in an affidavit executed pursuant to subsection D of this section shall be subject to criminal penalties applicable in this state for fraudulently obtaining public assistance program benefits. If the affidavit constitutes a false claim of U.S. citizenship under 18 U.S.C., Section 911, [10] a complaint shall be filed by the agency requiring the affidavit with the United States Attorney General for the applicable district based upon the venue in which the affidavit was executed.
Id. (footnote added). In addition, under Oklahoma law, a person who makes a false assertion in a sworn affidavit is guilty of perjury.21 O.S. 2001, § 491[21-491].[11] Accordingly, a person who falsely states that he or she is a United States citizen or a qualified alien may be subject to both federal and state criminal sanctions.
 IV. While Variations of the Requirements For Verification Procedures May Be Adopted Under Certain Circumstances, Use of Such Modifications Does Not Carry With it The Presumption of Adequate Proof of Lawful Presence That the Statutory Procedures Do.
¶ 17 Notwithstanding the above, Section 71 of Title 56 allows agencies and political subdivisions to adopt some variations of the requirements under certain circumstances. Subsection G states:
 Agencies or political subdivisions of this state may adopt variations to the requirements of the provisions of this section which demonstrably improve the efficiency or reduce delay in the verification process, or to provide for adjudication of unique individual circumstances where the verification procedures in this section would impose unusual hardship on a legal resident of Oklahoma.
Id. The adverb "demonstrably" indicates that the burden is on the agency or political subdivision to be able to show evidence that whatever alternate system used will achieve the requirements of this statute.[12]
The agency or political subdivision must also demonstrate that the SAVE verification procedures would impose unusual hardship on a legal resident of Oklahoma. What variations would be sufficient to meet the requirements of this statute would depend upon the facts of the particular circumstances and, thus, are outside the scope of an Attorney General Opinion. 74 O.S. 2001, § 18b[74-18b](A)(5).
¶ 18 In addition, because the affidavit is "presumed to be proof of lawful presence" until eligibility verification is made, an alternative verification system would not have the benefit of this presumption. 56O.S.Supp. 2007, § 71[56-71](E). Subsection (E) specifically refers to the affidavit made by an applicant "under penalty of perjury that: . . . 2. He or she is a qualified alien." Id. § 71(D).
 This maxim of statutory interpretation [expressio unius est exclusio alterius] means that the expression of one thing is the exclusion of another. The canon is applicable only where in the natural association of ideas the contrast between a specific subject matter which is expressed and one which is not mentioned leads to an inference that the latter was not intended for inclusion in the statute.
Greenburg v. Wolfberg, 890 P.2d 895, 906 n. 54 (Okla. 1995) (citations omitted). Thus, this statute indicates a legislative intent to preclude any other procedure of verification from the presumption of lawful presence. The Oklahoma Evidence Code defines a "presumption" as "a rule of procedure that when a basic fact exists the existence of another fact must be assumed, whether or not the basic fact has any probative value of the existence of the assumed fact[.]" 12 O.S.Supp. 2007, § 2301[12-2301](1). Here, this "basic fact" is the affidavit required in subsection D, which is adequate proof of lawful presence until the verification under the SAVE program can be completed. Without this presumption, an agency must complete the verification process to obtain "proof of lawful presence." The result of this is, if an alternate procedure for verification is used to comply with the requirement, no benefit can be provided until the verification of lawful presence is completed.
 V. The Requirements of 56 O.S.Supp. 2007, § 71[56-71] Apply to All Licensees, Including Those Licensed Prior to Enactment of the Statute.
¶ 19 You also asked if this statute applies to people who were licensed prior to enactment of Section 71 of Title 56, which went into effect on November 1, 2007. The answer is yes. The state can change the requirements for obtaining and retaining a license. "One does not acquire a vested right, merely because once licensed, to continue in a business, trade or occupation which is subject to legislative control and regulation under the police power of the state." Wright v. Okla.Alcoholic Beverage Control Bd., 516 P.2d 245, 247 (Okla. 1973). Thus, licensees fourteen years of age or older who are physically present in the United States, even those who were licensed prior to enactment of Section 71 of Title 56, must comply with the requirements of this statute when they next apply for license renewal.
¶ 20 It is, therefore, the official Opinion of the Attorney Generalthat:
 1. Provisions of the recently enacted immigration law, titled the Oklahoma Taxpayer and Citizens Protection Act of 2007 ("Act"), require every State agency or political subdivision of the State to verify the lawful presence in the United States of all natural persons fourteen years of age or older when they apply for a State or local benefit. Under the Act, specifically 56 O.S.Supp. 2007, § 71(A), the phrase "state or local public benefits" includes professional and commercial licenses provided to "any natural person fourteen (14) years of age or older" who is "physically present" in the United States. Id.; 8 U.S.C. § 1621(c)(1)(A), (c)(2)(C). Thus, individuals who apply for a professional or commercial license and who are physically in the United States must comply with the requirements of this statute. Licenses given to corporations or other artificial persons are not included.
 2. All licensees fourteen years of age or older and physically present in the United States must complete an affidavit of either U.S. citizenship or lawful presence in the U.S., even those who were licensed prior to enactment of Section 71 of Title 56, when they apply for a new or renewal license. See Wright v. Okla. Alcoholic Beverage Control Bd., 516 P.2d 245, 247 (Okla. 1973).
 3. A United States citizen would only be required to complete the affidavit of U.S. citizenship once, unless that status changes or the person otherwise becomes ineligible for licensure. State agencies or political subdivisions of the state are not required to obtain an affidavit of U.S. citizenship with every application for license renewal from United States citizens who have previously completed an affidavit. Id. § 71(H). A "qualified alien" who is "lawfully present in the United States" must complete an affidavit at each renewal in order to determine that benefits are not provided to ineligible aliens. Id. § 71(A), (D)(2).
 4. A state agency or political subdivision is required to verify the affidavit of "qualified aliens" through the Systematic Alien Verification for Entitlements ("SAVE") Program or "an equivalent program designated by the United States Department of Homeland Security." Id. § 71(E). This verification must be made every time a "qualified alien" applies for a license, whether original or renewal.
 5. An agency or political subdivision may use an alternative verification method that would "demonstrably improve the efficiency or reduce delay in the verification process, or to provide for adjudication of unique individual circumstances where the verification procedures in this section would impose unusual hardship on a legal resident of Oklahoma." Id. § 71(G). Use of an alternative method, however, does not provide the presumption of lawful presence in the United States of the applicant during the time prior to verification through the SAVE program or its equivalent. Id. § 71(E). Accordingly, if an alternate method of verification is used, the agency or political subdivision cannot issue a license until the applicant's lawful presence is verified.
 6. An agency or political subdivision which issues licenses in the State of Oklahoma is not required to obtain any proof of citizenship other than the affidavit from an applicant who is a United States citizen. Id. § 71(E). An agency or political subdivision is only required to obtain information from a "qualified alien" that is necessary to verify that person's eligibility for benefits through the SAVE Program or its equivalent. Id.; see United States Citizenship and Immigration Services, http://www.uscis.gov/portal/site/uscis.
W. A. DREW EDMONDSON Attorney General of Oklahoma
PATRICIA A. PODOLEC Assistant Attorney General
[1] The circumstances of when verification of lawful presence is not required are provided in subsection C and concern, for the most part, public health, humanitarian, and emergency related benefits that are not pertinent to the questions you asked. One other exception, however, provides that this "[v]erification of lawful presence . . . shall not be required: 1. For any purpose for which lawful presence in the United States is not restricted by law, ordinance, or regulation[.]" Id.
§ 71(C)(1). Although the particular requirements for a professional or business license under the related licensing statutes may not specifically require the licensee to be lawfully present in the United States, this statute, nonetheless, requires verification of lawful presence to obtain the license if the person is physically present in the United States and fourteen years of age or older.
[2] Webster's defines an "artificial person" as a "juristic person," which in turn is defined as "a corporation, a partnership, or other legal entity that is recognized by law as the subject of rights and duties." Id. at 124, 1227.
[3] This statute was amended during the 2008 legislative session, which resulted in a change in the numbering of the subsection, but did not change this definition. See 2008 Okla. Sess. Laws ch. 253, § 38(12) (amending 54 O.S. 2001, § 302[54-302](11)).
[4] See Bushey v. Northern Assurance Co., 766 A.2d 598, 637 (Md. 2001) ("The sole proprietorship form of business provides `complete identity of the business entity with the proprietor himself. . . .'" Id. (quoting 1 Z. Cavitch, Business Organizations § 1.04[1], at 1-23 (Matthew Bender 2000)); CU Lloyd's v. Hatfield, 126 S.W.3d 679, 684 (Tex.Ct.App. 2004) ("A sole proprietorship is defined as `[a] business in which one person owns all the assets, owes all the liabilities, and operates in his or her personal capacity.'" Id. (quoting Black's Law Dictionary 1398 (7th ed. 1999)).
[5] Your questions concerned how this statute applies to professional and business licenses; thus, this Opinion is limited to the application of Section 71 of Title 56 to these types of licenses and not to other types of "state or local public benefits."
[6] See also Priddy v. City of Tulsa, 882 P.2d 81, 83 (Okla.Crim.App. 1994) ("A license gives to the licensee a special privilege not accorded to others and which the licensee otherwise would not enjoy.").
[7] Other than the requirement as to the content of these affidavits, the statute does not otherwise prescribe any particular format for either affidavit.
[8] A person who has renounced his or her U.S. citizenship, however, would be an "alien" for purposes of this statute and would have to provide verification as to lawful presence within the United States.See 3A C.J.S. Aliens § 1115 (Westlaw 2008) ("A former United States citizen who has intentionally and voluntarily renounced his or her United States citizenship is an alien.").
[9] Follow "For Employers" hyperlink under "More Information"; then follow "Systematic Alien Verification for Entitlements (SAVE)" Program.
[10] This federal statute states that "[w]hoever falsely and willfully represents himself to be a citizen of the United States shall be fined under this title or imprisoned not more than three years, or both."18 U.S.C. § 911 (Westlaw 2008).
[11] The pertinent language of this statute states:
 Whoever, in a . . . certification or declaration, in which the making or subscribing of a statement is required or authorized by law, makes or subscribes a statement under oath, affirmation or other legally binding assertion that the statement is true, when in fact the witness or declarant does not believe that the statement is true or knows that it is not true or intends thereby to avoid or obstruct the ascertainment of the truth, is guilty of perjury.
21 O.S. 2001, § 491[21-491].
[12] "Demonstrable" is defined as "1: capable of being demonstrated . . . 2: apparent, evident, palpable." Webster's Third New International Dictionary 600 (3d ed. 1993).